UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------X
KI SOK CHUNG, BYUNG O. CHUNG, OK HYN
NOH a/k/a OK HYUN LEE, HEE KEE, NOH, SOON
DUK KIM, MYONG HEE KIM a/k/a MYUNG HEE
KIM, YUN SANG KIM, ONE HO KIM, CHANG
SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM
YOUNG CHOI, YOUNG CHOO YU, CE CHOONG
YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM,
MIN HYUN KIM, MI HWA LIM a/k/a MI HWA
KIM-LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a
WEN JUNG ZI, DUK SOO KWON, GUNN HEE
YEO and JIN HWA JANG a/k/a JIN MWA JONG,

FILED

2004 FEB 24  P 3: 43

302 CV 812 (AWT)

**MOTION ON CONSENT**

Hon. Alvin W. Thompson, USDJ
Hon. Donna F. Martinez, USMJ

*Plaintiffs*,
-against-

NICHOLAS CERRONE and TRACY A. CERRONE,

*Defendants*.
------------------------------------------------------------------X

      The Plaintiffs move this court, with the consent of opposing counsel, *nunc pro tunc*, for a two (2) month extension of time of each of the dates set forth in the October 14, 2003, Scheduling Order (see annexed).

      The extension is hereby requested because the parties are attempting to streamline this litigation by settling the claims of all but three (3) plaintiffs. Counsel for the parties have discussed settlement, but due to the voluminous medical files and other documentation more time is needed. Attorney John Mills, counsel for the defendants, has indicated that he also needed additional time to review the files with the insurer. All agree that it would be wasteful to file expert reports and conduct depositions on claims that may be settled.

      WHEREFORE, Plaintiffs respectfully request that the court grant this motion *nunc pro tunc* and extend all dates in the Scheduling Order by two months, or grant such other relief that the court deems proper.

ORAL ARGUMENT IS NOT REQUESTED
TESTIMONY IS NOT REQUIRED

Dated: February 17, 2004                    By: _____
                                                VICTOR M. SERBY [CT-20810]
                                                350 Fifth Avenue, Suite 6305
                                                New York, New York 10118
                                                (212) 760-0111

## CERTIIFICATION

      This is to certify that a copy of the foregoing was mailed by U.S. Mail, Postage Prepaid, this 17th day of February, 2004 to the following:

John W. Mills
MURPHY AND KARPIE LLC
350 Fairfield Ave. Suite 408
Bridgeport, CT 06604

Chambers of the Honorable Donna F. Martinez, USMJ
U.S. District Court
450 Main Street
Hartford, CT 06103

By: _____
VICTOR M. SERBY [CT-20810]

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KI SOK CHUNG, ET AL., :
:
    Plaintiffs, :
:
v. : CASE NO. 3:02CV812 (AWT)
:
NICHOLAS CERRONE, ET AL., :
:
    Defendants. :

SCHEDULING ORDER

It is hereby ORDERED:

1.   All discovery, including discovery relating to expert witnesses, shall be concluded no later than **May 17, 2004**.

2.   All expert witness reports shall be disclosed by plaintiff on or before **February 17, 2004**, and any such experts will be deposed on or before **March 17, 2004**. All such expert reports will be disclosed by defendant on or before **March 17, 2004**, and any such experts will be deposed by **April 19, 2004**.

3.   Dispositive motions, if any, shall be filed no later than **July 26, 2004**.

4.   If no motion for summary judgment is filed, the parties shall jointly file a Trial Memorandum for approval by the court on or before **July 26, 2004**. A courtesy copy shall be submitted to the chambers of the Honorable Alvin W. Thompson at 450 Main Street, Hartford, CT 06106. If a motion for summary judgment is filed, the joint trial memorandum shall be filed 30 days after the court rules on the motion for summary judgment.

Except as modified hereby, the Trial Memorandum shall be submitted in compliance with Rule 6 of the Local Rules of Civil Procedure and the Standing Order Regarding Trial Memoranda in Civil Cases revised as of July 1, 1998 (the "Standing Order"), which is included in the Local Rules of Civil Procedure.

**THE TRIAL MEMORANDUM SHALL CONTAIN THE INFORMATION REQUIRED BY THE STANDING ORDER. IN ADDITION, THE PROCEDURES SET FORTH BELOW SHALL BE FOLLOWED:**

> Witnesses: For each expert witness (see paragraph 10 of the Standing Order), the Trial Memorandum shall set forth the opinion to be expressed, a brief summary of the basis of the opinion and a list of the materials on which the witness intends to rely. Also, state the area of expertise and attach a curriculum vitae, if available.
>
> If a party objects to all or any part of the anticipated testimony of any witness, lay or expert, the objection must be stated in this section of the Trial Memorandum so that the objection can be resolved prior to jury selection.
>
> Exhibits: With respect to exhibits (see paragraph 11 of the Standing Order), the parties shall also comply with the following requirements:
>
> (a) The parties shall mark the plaintiff's and the defendant's respective exhibits in numerical order (e.g., "Plaintiff's Exhibit 1", etc. and "Defendant's Exhibit 1", etc.) with exhibit tags, which will be provided by the Clerk's Office upon request. Where there are multiple plaintiffs and/or defendants, counsel should coordinate

exhibit identification to ensure that exhibit numbers are not duplicated.

(b) Copies of the actual exhibits shall be exchanged no later than fourteen (14) days prior to trial, and the original set of exhibits for the Deputy Clerk and a complete copy of the exhibits (in a binder) shall be submitted to the Deputy Clerk at least one (1) day prior to trial.

(c) All objections to designated exhibits, except as to relevance, must be filed in writing not later than three (3) days prior to jury selection, together with a memorandum citing authorities in support of the objection, and will be resolved between the parties or by the court prior to jury selection.

Statement in Lieu of Opening Statement: The parties shall attach to the Trial Memorandum a written statement, in lieu of an opening statement, as an aid to the court in its introduction of the case to the jury.

Jury Instructions: The parties shall meet and confer for the purpose of preparing and filing agreed upon jury instructions. The proposed instructions shall be submitted in the form of one continuous document, which shall be filed as an attachment to the Trial Memorandum. The proposed instructions should encompass all applicable rules of law. Citations of case law or other authority should be included in footnotes. If the parties cannot agree as to the appropriateness of a particular instruction, the objection should be set forth next to or immediately below the proposed instruction.

Additionally, while counsel must attach any requests for jury instructions pursuant to paragraph 13 of the Standing Order, they are <u>not</u> required to submit general jury instructions which, for example, instruct the jury on its role, evidence in general, witness credibility, etc.

<u>Anticipated Evidentiary Problems</u>: The parties shall attach to the Trial Memorandum motions in limine with memoranda of law concerning any anticipated evidentiary problems. (See paragraph 14 of the Standing Order.)

5. Counsel are requested to submit the Trial Memorandum, including the proposed jury instructions, on a computer disk (small disk formatted for Word Perfect 5.1 or 6.1) to facilitate the preparation of final documents by the court.

6. Counsel shall note the following:

<u>Stipulations of Fact</u>: In the case of a jury trial, the stipulation of uncontroverted facts, required by paragraph 5 of the Standing Order, will be read to the jury, and no evidence shall be presented on the uncontested facts.

<u>Availability of Witnesses</u>: Each party shall ensure the availability at trial of each witness listed by that party unless the court and counsel are advised to the contrary not less than forty-eight (48) hours prior to the commencement of the evidence.

7. The deadlines established herein may not be modified by agreement of counsel. These deadlines may be modified only by an order of the court following a request for enlargement of time

made by written motion showing good cause, which motion shall be filed no later than five (5) days before the date from which counsel seeks an extension.

It is so ordered.

Dated at Hartford, Connecticut, this 14th day of October, 2003.

_____
Donna F. Martinez
United States Magistrate Judge