UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2004 MAR 17  P 4: 36

U.S. DISTRICT COURT
HARTFORD, CT.

KI SOK CHUNG, ET AL.,

    Plaintiffs,

v.

NICHOLAS CERRONE, ET AL.,

    Defendants.

CASE NO. 3:02CV812 (AWT)

RECOMMENDED RULING ON MOTION TO DISMISS
AND ORDER REGARDING DISCOVERY

In May 2002, twenty-four plaintiffs commenced this personal injury action claiming damages arising from a motor vehicle accident. The plaintiffs are the passengers of the vehicle ("passenger plaintiffs") and their spouses ("loss of consortium plaintiffs").[1] Pending before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. P. 37(b)(2)(C) for failure to comply with the court's discovery order.[2] (Doc. #39.) For the reasons set forth below, the court recommends that the defendants'

---

[1] There are thirteen passenger plaintiffs and eleven loss of consortium plaintiffs. The passenger plaintiffs are: Ki Sok Chung, Ok Hyun Noh a/k/a Ok Hyun Lee, Soon Duk Kim s/k/a Soon Duk Park, Myong Hee Kim a/k/a Myung Hee Kim, Hyo Sim Lee, Seong Hee Kim a/k/a Song Hee Kim, Young Choo Yu, Sung Aee Kim a/k/a Sung Aee Yangkim, Mi Hwa Lim a/k/a Mi Hwa Kim-Lim, Jing Zi Wen a/k/a Wen Jing Zi, Gun Hee Yeo, Jin Hwa Jang a/k/a Jin Mwa Jong, One Ho Kim. The loss of consortium plaintiffs are: Byung O. Chung, Hee Kee Noh, Dae Shik Kim, Yun Sang Kim, Su Young Lee, Sam Yong Choi, Ce Choong Yi, Min Hyun Kim, Pyong Hee Kim, Duk Soo Kwon and Chang Sook Kim.

[2] Because the sanction the defendants seek under Rule 37 is dismissal - and therefore dispositive - the undersigned's ruling on the motion to dismiss is in the form of a recommended ruling. See 28 U.S.C. § 636(b)(1)(B); Zises v. Dep't of Social Services, 112 F.R.D. 223, 226 (E.D.N.Y. 1986).

motion to dismiss be DENIED and that alternative sanctions be imposed.

I. Procedural Background

On December 4, 2002, the defendants filed a motion to compel. (Doc. #22.) The defendants claimed that the passenger plaintiffs' responses to the defendants' interrogatories and requests for production dated August 30, 2002 were inadequate. They also stated that the loss of consortium plaintiffs had not responded to interrogatories and requests for production dated September 27, 2002. On December 17, 2002, the court denied the motion without prejudice because the motion failed to comply with D.Conn.L.Civ.R. 37. (Doc. #24.) On April 21, 2003, the defendants filed a second motion in which they raised the same claims. (Doc. #33.) On May 12, 2003, the court denied the defendants' motion without prejudice for failure to comply with the local rule. On May 16, 2003, the defendants filed a "Renewed Motion to Compel." (Doc. #35.) The defendants sought a court order ordering the plaintiffs to respond to discovery and an award of costs. The plaintiffs did not respond to the defendants' motion to compel.[3] On July 17, 2003, the court granted the defendants' motion "absent objection or response of any

---

[3]Pursuant to D.Conn.L.Civ.R. 7, the plaintiffs' memorandum in opposition to the defendants' motion was due within twenty-one (21) days of the filing of the defendants' motion. The local rule further provides that "[f]ailure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . ."

kind." The court's order further stated:

> The plaintiffs shall provide discovery responses within 10 days of the filing of this order. See D.Conn.L.Civ.R. 37(a)(5). At this juncture, the court denies the defendants' request to dismiss the plaintiffs' case. Pursuant to Fed. R. Civ. P. 37(a)(4), the defendants are awarded their reasonable expenses incurred in making this motion. The defendants may submit an application for fees by August 4, 2003. The plaintiffs may file an opposition to the amount of the expenses sought within twenty-one days thereafter. On or before July 28, 2003, plaintiffs' counsel shall cause a copy of this order to be served on the plaintiffs and shall submit proof of service to the court. Failure to comply with discovery obligations may subject the plaintiffs or plaintiffs' counsel to sanctions, including the dismissal of this action with prejudice. See Fed. R. Civ. P. 37.

On August 4, 2003, the defendants filed the instant motion to dismiss. (Doc. #39.) The defendants argue that the plaintiffs' complaint should be dismissed because notwithstanding the court's July 17, 2003 order, the passenger plaintiffs' responses to discovery requests are not adequate and the loss of consortium plaintiffs have not provided any discovery responses. The plaintiffs did not file a response to the defendants' motion. On August 28, 2003, the court issued an order to show cause why the action should not be dismissed. (Doc. #43.) The court ordered plaintiffs' counsel and the plaintiffs to appear at a show cause hearing.[4] After the court issued the order to show cause, the

---

[4]Although not required, district judges are "encourage[d] to give notice directly to the client when there is reason to suspect that attorney incompetence is about to sink a client's case so that the litigant may attempt to remedy the situation." Dodson v. Runyon, 86 F.3d 37, 40 n.4 (2d Cir. 1996).

plaintiffs attempted to file a document entitled "Order to Show Cause and Declaration in Support." However, the submission was returned to the plaintiffs' counsel because it failed to comply with the federal and local rules of procedure.

II. <u>The Show Cause Hearing</u>

The plaintiffs and their counsel, Victor Serby,[5] appeared at the show cause hearing conducted on October 7, 2003 in accordance with the court's order.[6] The purpose of the court's order that the plaintiffs attend the hearing -- to apprise the plaintiffs of the circumstances that had culminated in their case being in jeopardy of dismissal -- was frustrated by the fact that none of the plaintiffs, all of whom are Korean, understand the English language. Attorney Serby brought with him Attorney David Goldstein,[7] who stated that he spoke Korean. However, Attorney Goldstein was not sufficiently proficient to provide the plaintiffs with any more than a rough translation of the court's proceedings. (Tr. 10/7/03 at 4.) The plaintiffs did not bring to court a certified translator.

During the show cause hearing, Attorney Serby stated that he

---

[5]Although Attorney Serby is admitted to the Connecticut bar, the docket reflects that he does not have a local office. He is reminded of the requirements of D.Conn.L.Civ.R. 83.1(c)(1).

[6]Twenty-two of the plaintiffs appeared. Plaintiffs' counsel stated that two of the plaintiffs were unable to attend the hearing.

[7]Mr. Goldstein does not have an appearance in this matter. He is not a member of the Connecticut bar and has not filed a motion for admission <u>pro</u> <u>hac</u> <u>vice</u> pursuant to D.Conn.L.Civ.R. 83.1(d).

4

had not received the defendants' renewed motion to compel filed May 16, 2003. (Tr. 10/7/03 at 10-11.) He did, however, receive a copy of the court's July 17, 2003 order granting the defendants' motion. (Tr. 10/7/03 at 12.) Plaintiffs' counsel conceded that the loss of consortium plaintiffs had not responded to the defendants' interrogatories and requests for production requests dated September 27, 2002. Attorney Serby stated that he brought with him to the hearing the loss of consortium plaintiffs' "partially responsive" discovery responses.[8] (Tr. 10/7/03 at 23.) These responses were dated September 30, 2003. (Id.) Attorney Serby handed the responses to the defendants' counsel in open court. His only explanation for the year long delay in production was that he was having difficulty obtaining copies of marriage certificates requested in production request 1. Attorney Serby could not explain why his difficulty in responding to production request 1 precluded production of the loss of consortium plaintiffs' responses to the remaining requests.[9]

---

[8]Only eight loss of consortium plaintiffs responded to the defendants' discovery requests. Attorney Serby explained that three of the loss of consortium plaintiffs -- Dae Shik Kim, Min Hyun Kim and Chang Sook Kim -- no longer wished to pursue legal action and were going to be dismissed from the case. (Tr. 10/7/03 at 32.)

[9]The interrogatory requests directed at the loss of consortium plaintiffs requested basic information such as: the date of the marriage (interrogatory 1); name, current address and date of birth (interrogatory 2); whether there are any children from the marriage (interrogatory 3); activities impacted in the marriage by the accident (interrogatory 4); whether the plaintiff has sought any

5

Defendants' counsel's brief in-court review of the responses of the loss of consortium plaintiffs revealed that certain of the responses were inadequate. For instance, the loss of consortium plaintiffs all provided the same answer in response to interrogatory 4, which called for a detailed listing of "all of the activities you claimed have been impacted in your marriage as a result of the subject accident, fully describing any claim for loss of consortium you will make as the time of trial." In addition, the responses improperly contained an objection to interrogatory 6.[10]

As to the passenger plaintiffs, plaintiffs' counsel argued that the plaintiffs' responses to the discovery requests were adequate because they had provided the defendants with authorizations to obtain medical records and bills. These documents, argued the plaintiffs' counsel, in addition to satisfying the requests for production, would contain the information sought by the interrogatories. The defendants' counsel, however, identified

---

treatment in connection with the loss of consortium claim (interrogatory 5); if the plaintiff has ever filed for divorce (interrogatory 6) and the name and address of the plaintiff's employer (interrogatory 7). The requests for production of documents sought similarly routine information: a copy of the marriage certificate (production request 1); copies of employment records and income tax returns if lost wages are sought (production request 2); copies of medical records or written authorizations if the plaintiff sought any treatment in connection with the loss of consortium claim (production request 3) and a copy of the service of process (production request 4).

[10]Pursuant to Fed. R. Civ. P. 33(b), objections not served within 30 days after the service of the interrogatories are deemed waived.

several discovery requests to which the plaintiffs' responses were either inadequate or lacking entirely. See Tr. 10/7/03 at 45-48. In addition, the defendants' counsel claimed that addresses listed on the authorizations executed by the plaintiffs were incorrect. Defense counsel produced several envelopes that he had attempted to mail to the addresses provided by the plaintiffs that had been returned by the postal service as undeliverable.

III. Recommended Ruling on the Defendants' Motion to Dismiss

The defendants move to dismiss the plaintiffs' complaint because the plaintiffs failed to provide discovery responses as ordered by the court.

Federal Rule of Civil Procedure 37(b)(2)(C) provides that the court may dismiss an action where a party has failed to obey an order to provide discovery.[11] "The imposition of sanctions under Rule 37 is within the discretion of the district court and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion." Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 764 (2d Cir. 1990). Dismissal under Rule 37, however, is "an extreme sanction, to be imposed only in extreme circumstances." Jones v. Niagara Frontier Transp. Auth., 836 F.2d 731, 734 (2d Cir.

---

[11] Rule 37(b) provides in pertinent part: "If a party . . . fails to obey an order to provide or permit discovery, . . . the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following: . . . (C) An order . . . dismissing the action . . . ."

7

1987). Because dismissal is a harsh sanction, it is appropriate only where a party has demonstrated willfulness, bad faith, or fault and less drastic sanctions will not work. See Bobal, 916 F.2d at 764.

Sanctions are warranted in this case. The plaintiffs abrogated their discovery responsibilities. Despite receiving the discovery requests in September 2002, at least two motions to compel, a July 17, 2003 court order and the instant motion to dismiss, the plaintiffs did not produce responses until the show cause hearing on October 7, 2003, and even then, the responses were not complete.

Although sanctions are warranted, the court recommends that the defendants' motion to dismiss be denied. The court, mindful of the strong preference for resolving a case on the merits, Worldcom Network Services, Inc. v. Metro Access, Inc., 205 F.R.D. 136, 142 (S.D.N.Y. 2002), concludes that the harsh sanction of dismissal is not appropriate at this juncture where lesser sanctions are available. Luft v. Crown Publishers, Inc., 906 F.2d 862, 865 (2d Cir. 1990). The record reflects that the plaintiffs' counsel decided not to respond to requests directed at the loss of consortium plaintiffs until he could obtain the marriage certificates. (Tr. 10/7/03 at 24-25, 30.) In addition, he did not serve supplemental responses to the requests directed at the passenger plaintiffs or a response to the motion to dismiss because he believed he had already complied with the requests. (Tr. 10/7/03

at 12-13.) Under these circumstances, the plaintiffs' counsel should bear the sanctions. Accordingly, plaintiffs' counsel, at his expense, shall have this order translated into Korean by a court-certified interpreter and shall cause a copy to be served on each of the plaintiffs.[10] On or before April 23, 2004, plaintiffs' counsel shall file proof of service with the court. Plaintiff's counsel also shall pay the defendants the reasonable costs and attorneys' fees associated with the filing of this motion and counsel's appearance at the hearing, including travel time. The defendants may submit an application for fees by April 5, 2004. The plaintiff's counsel may file an opposition to the amount of the expenses sought within twenty-one days thereafter.

IV. Order Regarding Discovery

The court issues the following discovery order:

1. The loss of consortium plaintiffs shall provide supplemental responses, under oath, to interrogatories 4 and 6 and to requests for production 1 - 5 within ten (10) days. See D.Conn.L.Civ.R. 37(a)(5). The plaintiffs shall make their best efforts to obtain the marriage certificates. If the plaintiffs are unable to obtain the marriage certificates, the plaintiffs shall make a sworn statement to that effect.

2. If, as plaintiffs' counsel represented in open court, the

---

[10] The Clerk of the court maintains on file a list of certified interpreters.

loss of consortium plaintiffs Dae Shik Kim, Min Hyun Kim and Chang Sook Kim no longer wish to pursue their claims, the plaintiffs shall file a motion dismissing them from this action by April 5, 2004.

3. Counsel shall meet-and-confer regarding the status of the passenger plaintiffs' discovery responses. The parties shall present to the court only those issues of discovery that are necessary for the full weight of judicial authority. See D.Conn.L.Civ.R. 37.

4. The passenger plaintiffs shall provide the defendants with their MRIs.

V. Conclusion

For these reasons, the court recommends that the defendants' motion to dismiss (doc. #39) be DENIED. It is ordered that as sanctions the plaintiffs' counsel shall (1) provide the plaintiffs with a translated copy of this ruling and (2) pay defendants' counsel reasonable costs and attorneys' fees associated with the filing of this motion and counsel's appearance at the hearing. The court further orders that the plaintiffs provide supplemental discovery responses as set forth more specifically herein.

Any party may object to this recommended ruling within ten days after being served with the report and recommendation. See 28 U.S.C. § 636(b)(1); Rules 72, 6(a) and 6(e) of the Federal Rules of Civil Procedure; Rule 72.2 of the Local Rules for United States Magistrates, United States District Court for the District of

Connecticut. Failure to object timely to a magistrate judge's report may operate as a waiver of any further judicial review of the decision. <u>United States v. Male Juvenile</u>, 121 F.3d 34, 38 (2d Cir. 1997); <u>Frank v. Johnson</u>, 968 F.2d 298, 300 (2d Cir. 1992).

Dated at Hartford, Connecticut this 12th day of March, 2004.

Donna F. Martinez
United States Magistrate Judge