# EXHIBIT 8

# VICTOR M. SERBY, ESQ.

*Attorney-at-Law*

*Empire State Building*

350 Fifth Avenue, Suite 6305
New York, New York  10118

e-mail:  serbyv@bellatlantic.net
Tel: (212) 760-0111
Fax: (212) 760-0458

January 20, 2004

<u>VIA USPS FIRST CLASS MAIL</u>
Chambers
Hon. Donna F. Martinez, USMJ
U.S. District Court – District of Connecticut
450 Main Street
Hartford, Connecticut 06103
Tel. 860-240-3605

Re:    <u>CHUNG et al. v. CERRONE</u>
302 CV 812 (AWT)

Dear Judge Martinez:

I am "reporting back" the status of this case so that the court is aware that plaintiffs' counsel indeed complied with all the orders of this court.

First, on January 16, 2004, a date agreed on between counsel, I personally delivered to opposing counsel, at his office in Bridgeport, all of my clients' medical records and other relevant material comprising 1661 8 ½ x 11 pages, all Bates stamped, neatly collated and indexed, together with my clients' "original" MRI films.

Second, at that meeting, I personally paid opposing counsel the $210.00 ordered by this court.

Third, I discussed a possible settlement with opposing counsel concerning all but three of the plaintiffs to this lawsuit. After defendant has a chance to submit the complete medicals to its expert, I believe that all parties will be in a position to settle this case. Depending on the progress of settlement negotiations between counsel, I may, at some point, seek a settlement conference before your Honor.

I thank the court for its attention to this matter.

Respectfully submitted,

Victor M. Serby [CT-020810]

cc. Attorney John Mills; Murphy and Karpie LLP
VMS/sl

# EXHIBIT 9

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------------x
KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH
 a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM
a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM          302CV812 (AWT)
a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM,
CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE,                **RESPONSE TO**
SEONG HEE KIM a/k/a SONG HEE KIM, SAM YONG CHOI,          **DEFENDANTS'**
YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a          **INTERROGATORIES**
SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a
MI HWA KIM-LIM, PYONG HEE KIM, JING ZI WEN a/k/a
WEN JING ZI, DUK SOO KWON, GUN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

                         Plaintiffs,

        -against-

NICHOLAS CERRONE, and TRACY A. CERRONE,

                         Defendants.
-----------------------------------------------------------------------------x

        Plaintiff, KI SOK CHUNG, by his/her attorney, VICTOR M. SERBY, ESQ., as and for

a response to Defendant's First Set of Interrogatories alleges the following upon information

and belief:


    1) <u>PLEASE STATE YOUR FULL NAME AND OTHER ANY OTHER(S) BY WHICH YOU HAVE BEEN</u>

<u>KNOWN, YOUR DATE OF BIRTH, YOUR MOTOR VEHICLE OPERATOR'S LICENSE NUMBER, YOUR</u>

<u>HOME ADDRESS AND Y OUR BUSINESS ADDRESS.</u>

        Plaintiff's full name is **KI SOK CHUNG,** and the date of birth is **03-26-59.** Plaintiff

resides at 36-20 Bowne Street #5J, Flushing, New York. Plaintiff objects to the questions

regarding motor vehicle operator's license number and business address because this

demand can not possibly lead to the discovery of admissible evidence. This plaintiff

was a passenger.

2) IDENTIFY AND LIST EACH INJURY YOU CLAIM TO HAVE SUSTAINED AS A RESULT OF THE INCIDENTS ALLEGED IN THE COMPLAINT.

As a result of this occurrence, plaintiff sustained the following injuries:

**ABDOMEN TRAUMA:**

    \*ABDOMINAL TRUMA;

**CERVICAL SPINE:**

    \*SLIGHT STRAIGHTENING WITH LOSS OF CURVATURE OF THE CERVICAL SPINE WHICH IS DUE TO MUSCLE SPASM;

    \*T4 VERTEBRAL BODY HEMANGIOMA;

**LUMBAR SPINE:**

    \*MINIMAL CENTRAL L4-L5 DISC BULGE WITHOUT COMPRESSION OF ROOT SLEEVES OF LATERALIZATION;

Further, the above was productive of and accompanied by severe pain, further soft tissue injury to the areas traumatically affected, including injury, tearing, bleeding, ecchymosis, swelling, discoloration, derangement and damage to the associated muscle groups, joints, ligaments, tendons, cartilages blood vessels and blood supply, spinal connective and nerve tissues, all concomitant to the specific injuries and related to the many portions mentioned herein above, with resultant pain, deformity and disability, stiffness, tenderness, weakness and restriction and limitation of motion and pain on

motion, abnormal gait, loss of the use of the above mentioned parts, muscle atrophy, anxiety and mental anguish, sleeplessness, nightmares, trauma and the loss of the normal fruits and activities, social and economic.

Further, plaintiff was required to take medications, and a course of physical therapy.

Further, plaintiff was caused to significantly limit his daily activities.

All of the aforesaid injuries are protracted and permanent with the attendant consequences described, with permanent effects of disability, pain, loss of motion and sensation, atrophy, abnormal gait, anxiety and mental anguish, except for minor contusions and abrasions. To the extent that defendants claim that any of the above are pre-existing conditions, plaintiff claims that the above were exacerbated/aggravated by the collision.

The plaintiff reserve the right to prove any sequelae, further injuries that may develop as a result of the accident herein.

The above Injuries described are included but not limited to. Please see the medical records that have been provided in Automatic Disclosure.


**3) WHEN, WHERE AND FROM WHOM DID YOU FIRST RECEIVE TREATMENT FOR SAID INJURIES?**

On 18th of May, 2000, Plaintiff received the first treatment in the emergency room of Norwalk Hospital at 34 Maple Street, Norwalk, Connecticut 06856


**4) IF YOU WERE TREATED AT A HOSPITAL FOR INJURIES SUSTAINED INT THE ALLEGED**

3

INCIDENT, STATE THE NAME AND LOCATION OF EACH HOSPITAL AND THE DATES OF SUCH

TREATMENT AND CONFINEMENT THEREIN.

As a result of this occurrence, plaintiff was confined to the hospital for 5 or 6 days and

was confined to the bed and house intermittently since the date of the occurrence up to

and including the present, except for occasional visit doctors, medical personnel and/or

hospitals, and continuing indefinitely into the future.

**5) STATE THE NAME AND ADDRESS OF EACH PHYSICIAN, THERAPIST OR OTHER SOURCE OF**

**TREATMENT FOR THE CONDITIONS OR INJURIES YOU SUSTAINED AS A RESULT OF THE INCIDENT**

**ALLEGED IN YOUR COMPLAINT.**

- Norwalk Hospital
  34 Maple Street
  Norwalk, Connecticut 06856

- Dr. Lee Yoon Suk
  Footcare of Flushing
  142-38 37th Avenue
  Flushing, New York 11354

- Dr. St. Martin
  115-10 Queens Blvd.
  Forest Hills, New York 11375

- Dr. In Hyon Park
  136-56 39th Avenue, Rm 303B
  Flushing, New York 11354

- Dr. Ki Y. Park
  136-75 37th Avenue, Suite 12
  Flushing, New York 11354

- Medicus Diagnostics
  136-40 39th Avenue
  Flushing, New York 11354

4

Allan M. Richards M.D., ph. D.
104-40 Queens Blvd Suite 1CD
Forest Hill, NY 11375

6) WHEN AND FROM WHOM DID YOU LAST RECEIVE ANY MEDICAL ATTENTION FOR INJURIES ALLEGED TO HAVE BEEN SUSTAINED AS A RESULT OF THE INCIDENT ALLEGED IN YOU COMPLAINT?

Authorizations have been forwarded to defendants to obtain this information directly from each health care provider.

7) IF YOU CLAIM YOU ARE NOT FULLY RECOVERED, STATE PRECISELY FROM WHAT INJURIES OR CONDITIONS YOU ARE PRESENTLY SUFFERING?

All of the aforesaid injuries in the answer #2 are not fully recovered and the plaintiff is presently suffering due to the injuries.

8) ARE YOU PRESENTLY UNDER THE CARE OF ANY OTHER HEALTH CARE PROVIDER FOR THE TREATMENT OF INJURIES ALLEGED TO HAVE BEEN SUSTAINED AS A RESULT OF THE INCIDENT ALLEGED IN YOUR COMPLAINT?

Plaintiff is currently under the care of the aforesaid health care provider in the answer #5 for the treatment.

9) IF THE ANSWER TO INTERROGATORY #8 IN THE AFFIRMATIVE, STATE THE NAME AND ADDRESS OF EACH PHYSICIAN OR OTHER HEALTH CARE PROVIDER WHO IS TREATING YOU.

5

See the Answer #5.

## 10) DO YOU CLAIM ANY PERMANENT DISABILITY RESULTING FROM SAID INCIDENT?

Yes.

## 11) IF THE ANSWER TO INTERROGATORY #10 IS IN AFFIRMATIVE, PLEASE LIST THE PARTS OF YOUR BODY WHICH ARE DISABLED, THE PERCENTAGE OF LOSS OF USE CLAIMED AS TO EACH PART OF YOUR BODY, THE NAME AND ADDRESS OF THE PERSON WHOM MADE THE PROGNOSIS FOR PERMANENT DISABILITY AND THE PERCENTAGE OF LOSS OF USE AND LIST THE DATE FOR EACH SUCH PROGNOSIS.

Plaintiff is not a medical doctor. Plaintiff refers defendants to the medical reports for which authorizations have been given. Plaintiff continues to suffer pain, loss of motions, and other medical problems which he/she believes to be permanent. See Exchange of Authorizations provided to defendants which will enable defendants to obtain this information directly from treating health care providers

## 12) LIST EACH ITEM OF EXPENSE WHICH YOU CLAIM TO HAVE INCURRED AS A RESULT OF THE INCIDENT ALLEGED IN YOUR COMPLAINT, THE AMOUNT THEREOF AND STATE THE NAME AND ADDRESS OF THE PERSON OR ORGANIZATION TO WHOM EACH ITEM HAS BEEN PAID OR IS PAYABLE.

6

See Exchange of Authorizations provided to defendants which will enable defendants to obtain this information directly from No-Fault insurance carrier which the plaintiff has submitted for out-of-pocket expenses whether it has been paid or not.

**13) IDENTIFY EACH ITEM OF EXPENSE, IF ANY, OR PORTION THEREOF FOR WHICH YOU HAVE BEEN REIMBURSED OR WHICH IS REIMBURSABLE BY AN INSURER, INDICATING THE NAME OF THE INSURER THAT MADE SUCH PAYMENT OR REIMBURSEMENT OR WHICH IS RESPONSIBLE FOR SUCH REIMBURSEMENT.**

See Exchange of Authorizations provided to defendants which will enable defendants to obtain this information directly from No-Fault insurance carrier.

**14) IF, DURING THE FIFTEEN YEAR PERIOD TO THE DATE OF THE INCIDENT ALLEGED IN YOUR COMPLAINT, YOU WERE UNDER A DOCTOR'S CARE FOR ANY CONDITIONS WHICH WERE IN ANY WAY SIMILAR OR RELATED TO THOSE IDENTIFIED AND LISTED IN YOUR RESPONSE TO INTERROGATORY #2? IF SO, STATE THE NATURE OF SAID CONDITIONS, THE DATES ON WHICH TREATMENT WAS RECEIVED AND THE NAME OF THE DOCTOR OR HEALTH CARE PROVIDER.**

None.

**15) IF, DURING THE FIFTEEN YEAR PERIOD PRIOR TO THE DATE OF INCIDENT ALLEGED IN YOUR COMPLAINT, YOU WERE INVOLVED IN ANY**

7

INCIDENT IN WHICH YOU RECEIVED PERSONAL INJURIES SIMILAR OR RELATED TO THOSE IDENTIFIED AND LISTED IN YOUR RESPONSE TO INTERROGATORY #2, PLEASE PROVIDE THE DETAILS OF EACH INCIDENT INCLUDING THE DATE AND PLACE OF OCCURRENCE, AND INDICATE WHETHER A CLAIM WAS MADE AGAINST ANYONE AS A RESULT.

None.

16) IF SUBSEQUENT TO THE DATE OF THE INCIDENT ALLEGED IN YOUR COMPLAINT, YOU WERE INVOLVED IN ANY INCIDENT IN WHICH YOU RECEIVED PERSONAL INJURIES SIMILAR OR RELATED TO THOSE IDENTIFIED AND LISTED IN YOUR RESPONSE TO INTERROGATORY #2, PLEASE PROVIDE THE DETAILS OF EACH INCIDENT INCLUDING THE DATE AND PLACE OF OCCURRENCE, AND INDICATE WHETHER A CLAIM WAS MADE AGAINST ANYONE AS A RESULT.

None.

17) STATE WHETHER YOU HAVE MADE ANY CLAIMS UNDER WORKERS' COMPENSATION, AND, IF SO, STATE THE NATURE AND DATES OF SUCH CLAIMS.

None.

18) PLEASE IDENTIFY, BY STATING THE NAME AND ADDRESS, ANY PERSON, OTHER THAN AN EXPERT WHO WILL NOT TESTIFY AT TRIAL, WHO TOOK OR PREPARED ANY AND ALL OF THE FOLLOWING PHOTOGRAPHS IN YOUR POSSESSION OR CONTROL OR IN THE POSSESSION AND CONTROL OF YOUR ATTORNEY, AND STATE THE DATES ON WHICH SUCH PHOTOGRAPHS WERE

8

PREPARED;

No photographs known at this time. In the event such photographs become available in the future, copies will be provided upon receipt of appropriate copying costs.

**A) PHONOGRAPHS DEPICTING THE ACCIDENT SCENE;**

**B) PHOTOGRAPHS DEPICTING ANY CONDITION OR INJURY ALLEGED TO HAVE BEEN CAUSED BY THE INCIDENT ALLEGED IN YOUR COMPLAINT;**

**C) STATE THE NUMBER OF PHOTOGRAPHS TAKEN;**

**D) STATE THE DATE ON WHICH EACH OF THE PHOTOGRAPHS WERE TAKEN.**

**19) STATE THE NAMES AND ADDRESSES OF ALL EXPERTS WHOM YOU INTENT TO CALL AS AN EXPERT WITNESS AT TRIAL.**

No experts have been retained to testify at this time.   Plaintiff will furnish the appropriate expert disclosure and reports when it is available.

**20) PROVIDE THE DATE YOU FIRST CONSULTED WITH AN ATTORNEY AFTER THE SUBJECT ACCIDENT FOR THE CLAIMS YOU ARE MAKING IN THIS LAWSUIT.**

Plaintiff objects on the ground of attorney client privilege and on the ground that this information can not lead to the discovery of admissible evidence.

**21) IF YOU HAVE BEEN A PARTY TO ANY OTHER LAWSUIT, PROVIDE THE CASE NAME, DOCKET NUMBER, COURT ADDRESS, AND CURRENT STATUS OF**

9

**EACH CASE.**

Plaintiff objects on the ground that this request is over broad and on the ground that furnishing this information can not lead to the discovery of admissible evidence.

Plaintiff reserves the right to supplement these responses up to and including the time of trial.

I declare the under the penalty of perjury the foregoing is true and correct. (As to the factual content)

Executed on September 18, 2002

_____

KI SOK CHUNG

Dated:  New York, New York
        September 18, 2002

Dated: New York, New York
       September 18, 2002

     For the objections and legal content as to all plaintiffs.

                                By: _____
                                VICTOR M. SERBY, ESQ.[CT20810]
                                Attorney for Plaintiffs
                                350 Fifth Avenue, Suite 6305
                                New York, New York 10118
                                (212) 760-0111

TO:    MURPHY and KARPIE, LLC
        Attorneys for Defendant [CT-11706]
        350 Fairfield Avenue
        Bridgeport, CT 06604
        (203) 333-0177

# EXHIBIT 10

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

KI SOK CHUNG, ET AL.,

     Plaintiffs,

    v.                   CIVIL NO. 3:02CV812 (AWT)

NICHOLAS CERRONE, ET AL.,

     Defendants.

## ENDORSEMENT RULING

Pending before the court is the defendants' Motion to Compel
(doc. #22).  The motion is DENIED without prejudice for failure
to comply with D.Conn.L.Civ.R. 9.  Any new motion to compel shall
be accompanied by an affidavit certifying that counsel has
conferred with opposing counsel in an effort in good faith to
resolve by agreement the issues raised by the motion without the
intervention of the court.  See D.Conn.L.Civ.R. 9(d)(2).  The
meet-and-confer requirement mandates that "[parties must] meet,
in person or by telephone, and make a genuine effort to resolve
the dispute by determining . . . what the requesting party is
actually seeking; what the discovering party is reasonably
capable of producing that is responsive to the request; and what
specific genuine issues, if any, cannot be resolved without
judicial intervention." Messier v. Southbury Training School,
No. 3:94CV1706(EBB), 1998 WL 841641, at *3 (D.Conn. Dec. 2,
1998).  Any new motion shall be accompanied by a memorandum of
law setting forth a verbatim list of each of the discovery

requests sought and the reason why the item should be allowed.
See Local Rule 9(d)(3).

SO ORDERED at Hartford, Connecticut this _16th_ day of
December, 2002.

Donna F. Martinez
United States Magistrate Judge

DENIED without prejudice for failure to comply with D.Conn.L.Civ.R. 37. Any new motion shall be accompanied by a memorandum of law in which the moving party shall set forth a verbatim list of each of the discovery requests sought from each of the plaintiffs, the response and/or objection, and the reason why the item should be allowed. The memorandum shall also include, as exhibits, copies of the discovery requests in dispute. See Local Rule 37(a)(3). SO ORDERED.

Donna F. Martinez, U.S.M.J.
5/12/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM, CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE, SEONG HEE KIM a/k/a SONG HEE KIM, SAM YOUNG CHOI, YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN JUNG ZI, DUK SOO KWON, GUN HEE YEO and JIN HWA JANG a/k/a JIN MWA JONG | |
| **Plaintiffs** | **CIVIL** |
| VS | 302CV812 (AWT) |
| NICHOLAS CERRONE and TRACY A. CERRONE | |
| **Defendants** | APRIL 16, 2003 |

## MOTION TO COMPEL

The plaintiffs in this case have continued to abuse the discovery process

twelve plaintiffs alleging personal injuries have yet to provide the defense with a

their medical records, wage records, or even a list of special damages. The rer

plaintiffs, who allege loss of consortium damages, have provided no responses

**ORAL ARGUMENT IS REQUESTED**
**TESTIMONY IS NOT REQUIRED**

1

# EXHIBIT 11

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM, CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE, SEONG HEE KIM a/k/a SONG HEE KIM, SAM YOUNG CHOI, YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN JUNG ZI, DUK SOO KWON, GUN HEE YEO and JIN HWA JANG a/k/a JIN MWA JONG | |
| Plaintiffs | CIVIL |
| VS | 302CV812 (AWT) |
| NICHOLAS CERRONE and TRACY A. CERRONE | |
| Defendants | AUGUST 1, 2003 |

## MOTION FOR DISMISSAL PURSUANT TO RULE 37(B)(2)

On July 16, 2003 the Honorable Judge Donna F. Martinez issued an order,

granting the defendants' motion to compel and further ordering the plaintiffs to

provide the defense with proper discovery responses within ten (10) days, or by July

ORAL ARGUMENT NOT REQUESTED

1

26, 2003.  Said order further required the plaintiffs' attorney to serve the plaintiffs with a copy of the order, and to supply proof of service to the court by July 28, 2003.

To date, the defense has received no additional discovery compliance, of any kind, from the plaintiffs.  Discovery requests filed in <u>2002</u> remain completely unanswered.  This is so despite multiple motions to compel filed by the defense, and repeated attempts to obtain this information voluntarily from plaintiffs' counsel.

The order issued by this court indicated that failure to comply could subject the plaintiffs' attorney to sanctions, and could result in dismissal of this action with prejudice pursuant to FRCP 37.  The plaintiffs' conduct has been egregious, and clearly warrants dismissal with prejudice.

For all of the reasons stated and discussed herein, the defendants respectfully move that this case be dismissed with prejudice at this time.  The undersigned hereby certifies that I have repeatedly attempted to confer with plaintiffs' counsel in an effort to secure the disclosure without court action, but all such attempts have been ignored.

THE DEFENDANTS

By _____
JOHN W. MILLS
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 333-0177
Facsimile: (203) 333-8475
Federal bar No.: ct11706

<u>CERTIFICATION</u>

This is to certify that a copy of the foregoing has been mailed, U.S.

Mail, postage prepaid on August 1, 2003 to:

Victor M. Serby, Esquire
350 Fifth Avenue, Suite 6305
New York, NY  10118\

JOHN W. MILLS

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM, CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE, SEONG HEE KIM a/k/a SONG HEE KIM, SAM YOUNG CHOI, YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN JUNG ZI, DUK SOO KWON, GUN HEE YEO and JIN HWA JANG a/k/a JIN MWA JONG<br>Plaintiffs<br>VS<br>NICHOLAS CERRONE and TRACY A. CERRONE<br>Defendants | <br><br><br><br><br><br><br><br><br>CIVIL<br>302CV812 (AWT)<br><br><br>AUGUST 1, 2003 |

## MOTION FOR COSTS

On July 16, 2003 the Honorable Judge Donna F. Martinez issued an order, granting the defendants' motion to compel and further ordering the plaintiffs to pay costs upon submission of proof of costs by the defense by August 4, 2003.

1

I hereby certify that I have reviewed the bills sent to my client, and have determined that the following time was billed for unnecessary legal work because of the plaintiffs' refusal to comply with discovery requests in this case:

| | | |
|---|---|---|
| 11/4/02 | Tel. conference w/ Attorney Serby | .20 hrs. |
| 11/12/02 | Correspondence to Attorney Serby | .20 hrs. |
| 12/03/03 | Motion to Compel Discovery | .80 hrs. |
| 12/18/02 | Tel. Conference w/ Attorney Serby | .20 hrs. |
| 1/8/03 | Tel. conference w/ Attorney Servy | .20 hrs. |
| 2/4/03 | Correspondence to Attorney Serby | .30 hrs. |
| 3/20/03 | Motion for Sanctions | 1.40 hrs. |
| 4/15/03 | Renewed Motion to Compel | 1.40 hrs. |
| 8/1/03 | Motion to Dismiss | 1.20 hrs. |
| | | 5.9 hrs. |

5.9 x $150.00/hr = $885.00

In accordance with the prior order of the court, the defendant respectfully request that the plaintiffs' pay costs of $885.00.

2

THE DEFENDANTS

By _____

JOHN W. MILLS
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 333-0177
Facsimile: (203) 333-8475
Federal bar No.: ct11706

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S.

Mail, postage prepaid on August 1, 2003 to:

> Victor M. Serby, Esquire
> 350 Fifth Avenue, Suite 6305
> New York, NY 10118

JOHN W. MILLS

4

3:02-cv-00812

Victor M. Serby, Esq.                    adb
Empire State Bldg.
350 5th Ave., Rm 6307
New York, NY  10118

------------------------------

------------------------------

ORIGINAL

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------x
KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH
a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM
a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM
a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM,          PLAINTIFFS' MOTION
CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE,              FOR SANCTIONS
SEONG HEE KIM a/k/a SONG HEE KIM, SAM YONG CHOI,
YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a
SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a
MI HWA KIM-LIM, PYONG HEE KIM, JING ZI WEN a/k/a       302 CV 812 (AWT)
WEN JING ZI, DUK SOO KWON, GUN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,
                                        Plaintiffs,     Hon. Alvin Thompson,
                                                        USDJ
                    -against-

NICHOLAS CERRONE, and TRACY A. CERRONE,

                                        Defendants.
------------------------------------------------------------------x

<u>PLAINTIFFS' MOTION FOR SANCTIONS</u>

Pursuant to Rule 11 of The Federal Rules of Civil Procedure ("FRCP") and 28 USC §1927
and upon plaintiffs' oppositions to defendants' Motion for Summary Judgment and upon all the
proceedings had herein, the undersigned moves this Court for an Order sanctioning Murphy &
Karpie, LLP and attorney John W. Mills, attorneys for the defendants herein for presenting
papers to the court, namely a Motion for Summary Judgment wherein:

1. The papers presented were for an improper purpose, namely to harass, delay, and increase
   plaintiff's costs in this litigation; and

2. The claims, defenses and other legal contentions therein were not warranted by existing law,
   or by a nonfrivolous argument for the extension, modification or reversal of existing law or
   the establishment of new law; and

DENIED. It would be inequitable to award the plaintiffs sanctions when they have contributed to the current state of rec by failing to pursue their own discovery and by failing to respond to the defendants' discovery requests. It is so order
Alvin W. Thompson, U.S.D.J.
Hartford, CT 8/5/03

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------x
                             :
KI SOK CHUNG, et al.,        :
                             :
       Plaintiffs,           :
                             :          Civil Action No.
v.                           :          3:02CV812(AWT)
                             :
                             :
NICHOLAS CERRONE, et al.,    :
                             :
       Defendants.           :
-----------------------------x
```

**ENDORSEMENT ORDER**

The motion for summary judgment (Doc. # 27) filed by defendant Nicholas Cerrone is hereby DENIED because genuine issues of material fact exist, <u>inter alia</u>, as to whether Nicholas Cerrone can be held legally responsible for any injuries sustained by the plaintiffs. Also, the court notes that, contrary to the court's direction, defendant Nicholas Cerrone's motion for summary judgment was not based on additional information obtained since the court denied the defendants' initial motion for summary judgment.

It is so ordered.

Dated this **5ᵗʰ** day of August 2003, at Hartford, Connecticut.

                                  _____
                                  Alvin W. Thompson
                                  United States District Judge

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------x
                               :
KI SOK CHUNG, et al,           :
                               :
         Plaintiffs,           :
                               :
v.                             :      Civ No. 3:02CV812(AWT)
                               :
NICHOLAS CERRONE, et al,       :
                               :
         Defendants.           :
                               :
-------------------------------x
```

## REFERRAL TO MAGISTRATE JUDGE

This case is referred to Magistrate Judge <u>Donna F. Martinez</u> for the following purposes:

_____  All purposes except trial, unless the parties consent
         to trial before the Magistrate Judge (orefcs.)

_____  A ruling on all pretrial motions, except dispositive
         motions (orefmisc./dscv)

_____  To supervise discovery and resolve discovery disputes
         (orefmisc./dscv)

_____  A ruling on the following motion(s), which is/are
         currently pending: (orefm.)
         • Doc.# ____ _____

_____  A settlement conference (orefmisc./cnf)

__X__    A conference to discuss the following:  (orefmisc./cnf)
         <u>Detailed schedule for completion of discovery</u>

_____  Other:  (orefmisc./misc)_____

SO ORDERED this __5__ day of August 2003, at Hartford,
Connecticut.

                          _____
                               Alvin W. Thompson
                          United States District Judge

# EXHIBIT 12

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------------x
KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH
a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM
a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM          302CV812 (AWT)
a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM,
CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE,                RESPONSE TO
SEONG HEE KIM a/k/a SONG HEE KIM, SAM YONG CHOI,          DEFENDANTS'
YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a           INTERROGATORIES
SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a
MI HWA KIM-LIM, PYONG HEE KIM, JING ZI WEN a/k/a
WEN JING ZI, DUK SOO KWON, GUN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

                              Plaintiffs,
        -against-

NICHOLAS CERRONE, and TRACY A. CERRONE,

                              Defendants.
-----------------------------------------------------------------------x

        Plaintiff, MIN HYUN KIM, by his/her attorney, VICTOR M. SERBY, ESQ., as and for a
response to Defendant's Interrogatories and Production Requests alleges the following upon
information and belief:

1.      Provide the date of your marriage to the plaintiff allegedly injured in the subject accident.
        February 12, 1982

2.      Provide your name, current address and date of birth:
        MIN HYUN KIM, 136-43 37th Avenue, Flushing, New York, 11354; 5-23-1958

3.      If you have any children from said marriage, please provide each child's complete name
        and current address.
        Bong Chan Kim and Mun Chan Kim, address same as above.

4.      List all the activities you claim have been impacted in your marriage as a result of the
        subject accident, fully describe any claim for loss of consortium you will make at the time
        of trial
        Plaintiff has been deprived of the consortium of his wife, including but not limited to his
        services, his love, companionship, affection, society, loss or physical relations and solace,
        loss of contribution, and income and restriction of social activity.

5.    If you have gone for any marriage counseling or have sought any type of treatment for physical or mental injuries in connection with your claim for loss of consortium please provide the name and complete address of any health care provider or mental counselor below.
None

6.    If you ever filed for divorce, please provide the complete case name, docket number and complete name and address of the court where the divorce action was filed.
Plaintiff objects on the ground that this request is overbroad, irrelevant and on the ground that furnishing this information can not lead to the discovery of admissible evidence.

7.    If you claim that you lost any time from work as a result of having to care for your injured spouse as a result of the subject automobile accident please provide the complete name and address of your employer, the time lost from work and the exact amount of your lost wages.
Plaintiff is not claiming for lost wages at this time.

Plaintiff reserves the right to supplement these responses up to and including the time of trial.

I declare the under the penalty of perjury the foregoing is true and correct. (As to the factual content)

Executed on September 28 2003

_____
MIN HYUN KIM

Dated: New York, New York
September 30, 2003

For the objections and legal content as to all plaintiffs.

By:_____
VICTOR M. SERBY, ESQ.[CT20810]
Attorney for Plaintiffs
350 Fifth Avenue, Suite 6305
New York, New York 10118
(212) 760-0111

TO:   MURPHY and KARPIE, LLC
Attorneys for Defendant [CT-11706]
350 Fairfield Avenue
Bridgeport, CT 06604
(203) 333-0177