FILED

2004 MAR 24 P 2:05

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM, CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE, SEONG HEE KIM a/k/a SONG HEE KIM, SAM YOUNG CHOI, YOUNG CHOO YU, CE CHOONG YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN JUNG ZI, DUK SOO KWON, GUN HEE YEO and JIN HWA JANG a/k/a JIN MWA JONG<br>Plaintiffs<br>VS<br>NICHOLAS CERRONE and TRACY A. CERRONE<br>Defendants | CIVIL<br>302CV812 (AWT)<br><br>MARCH 23, 2004 |

**DEFENDANTS' MEMORANDUM OF LAW
IN SUPPORT OF MOTION TO DISMISS**

I. FACTS:

1

On August 30, 2002, more than 18 months ago, the defendants served thirteen plaintiffs claiming personal injuries with basic discovery requests. The defense asked the plaintiffs to list their medical special damages and to indicate which of the bills had been paid by insurance. The defense also asked the plaintiffs to indicate which of their injuries, if any, were permanent in nature, and to disclose medical experts. The defense asked the plaintiffs to produce employment records and tax returns, in order to determine what type of work the plaintiffs have pursued since the time of the accident. None of this information has been provided by any of the plaintiffs.

On September 27, 2002 the defense also served the eleven plaintiffs claiming loss of consortium with interrogatories and production requests. None of these requests have been accurately or completely answered by the plaintiffs.

Thus far in this case the defense has filed numerous discovery motions, each of which clearly articulated for the court and for opposing counsel what information was missing. The first such motion was filed by the defense on December 4, 2002. A second motion was filed on April 21, 2003. A third motion was filed on May 16,

2003. On July 17, 2003 the court issued an order, directing the plaintiffs to provide discovery responses to the outstanding interrogatories and production requests **within ten days**. That order has yet to complied with.

On August 4, 2003 the defense filed a fourth discovery motion, again articulating at length what information remained outstanding. In response to that motion, the court held a hearing on the record on October 7, 2003, wherein the court and counsel took the time to go through the discovery responses one by one. At that hearing the plaintiffs were again ordered to immediately answer all outstanding interrogatories and production requests.

Thereafter counsel conferred by telephone, and made an appointment for Attorney Serby to bring all outstanding discovery responses to a meeting to be held on January 16, 2004 at 11:00 a.m. Attorney Serby did not show up for the meeting until approximately 12:30 p.m. He brought with him a huge box of documents, containing more than 1600 pages of medical records. He also brought multiple envelopes containing MRI films, some of which were labeled by name and some of

which were not. Mr. Serby represented that he was producing complete compliance at that time.

As Mr. Serby was so late to the meeting, and the undersigned had a deposition scheduled in another case commencing at 2:00 p.m., it was not feasible to begin the process of reviewing the 1600 pages of records at that time, and Mr. Serby and his associate voluntarily left the meeting.

After taking a considerable amount of time to sort through the records, it became clear that what was provided was largely duplicative of earlier disclosure, namely copies of records from Norwalk Hospital, Dr. Park's Pain Clinic, and various other treatment records for all thirteen plaintiffs claiming personal injuries, limited in time to the first several months after the accident. The disclosure contained no supplemental answers to interrogatories for the personal injury plaintiffs, and no employment records or tax returns. The disclosure contained no recent records of any kind, no expert disclosure, and no compilation of medical bills. Also included for some reason was a complete copy of each plaintiff's no-fault insurance file, which contained many of the same records, and added substantially to the page total.

In essence, what the plaintiffs provided was multiple copies of the records already provided to the defense last year. Mr. Serby continues to argue that he has produced 1600 pages of documents, and to list the number of providers, so as to suggest that he has complied. It is important to emphasize that 1600 pages is not a lot of documentation when you consider that we are dealing with thirteen separate plaintiffs, and when considering that the total includes each plaintiff's no-fault file, which is largely duplicative of the records provided earlier in the package produced by the plaintiffs.

The fact remains that the defendants' repeated requests for supplemental answers to <u>interrogatories</u>, and two court orders to produce same, remain completely ignored. Similarly, the plaintiffs claiming loss of consortium have yet to provide appropriate responses to interrogatories and production requests, as specifically ordered by the court at the hearing on October 7, 2003.

After reviewing the records, the defense filed a renewed motion to dismiss. Having asked Mr. Serby to provide the information for more than one year, and after filing four separate motions and attending a two hour court hearing wherein

each outstanding item was discussed on the record, there was obviously no point in again asking Mr. Serby to voluntarily comply. Although the motion to dismiss was filed more than six weeks ago, on February 4, 2004, Attorney Serby has still failed to provide any additional information whatsoever. Instead, he sent a fax, demanding that this case settle for $1.2 million dollars, which he also sent to the defendants' insurance carrier. This prompted the insurance carrier to contact the undersigned, and inquire why we have yet to obtain basic discovery from the plaintiffs.

The plaintiffs and their lawyer continue to make exorbitant settlement demands, while at the same time ignoring court orders to provide the defense with basic information pertaining the nature and extent of their alleged injuries.

## II. LAW AND ARGUMENT:

In their memorandum in opposition to the motion to dismiss the plaintiffs do not dispute that they have failed to produce <u>any</u> supplemental answers to interrogatories, as repeatedly ordered by the court, nor do they dispute that they have failed to provide the defense with the amount of their special damages or any

kind of expert disclosure. Instead, they argue that the defendants' motion should be denied for the technical failure to file yet another discovery affidavit, or to file a memorandum of law in further support of the motion to dismiss, which contained a detailed statement of fact and law. In response, the defense provides the missing items, and asks that the court rule on the substantive issues.

There can be no justifiable excuse for the plaintiffs' blatant failure to comply with prior court orders to answer all outstanding interrogatories and production requests. The discovery at issue was requested <u>eighteen months ago</u>. The discovery requests have been provided to the court for inspection. They are not unduly long or complex, and truly seek very basic information. The plaintiffs' refusal to provide same, in light of extended motion practice and court orders to comply, warrants dismissal. The imposition of sanctions under Rule 37 is within the discretion of the district court, and a decision to dismiss an action for failure to comply with discovery orders will only be reversed if the decision constitutes an abuse of that discretion. <u>Bobal v. Rensselaer Polytechnic Inst.</u>, 916 F.2d 759, 764 (2d Cir. 1990). In this case dismissal is completely appropriate, and should be ordered by the court.

THE DEFENDANTS

By _____
JOHN W. MILLS
MURPHY and KARPIE
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: (203) 333-0177
Facsimile: (203) 333-8475
Federal bar No.: ct11706

## CERTIFICATION

This is to certify that a copy of the foregoing has been mailed, U.S. Mail, postage prepaid on March 23, 2004 to:

>Victor M. Serby, Esquire
>350 Fifth Avenue, Suite 6305
>New York, NY 10118

_____
JOHN W. MILLS