UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
KI SOK CHUNG, BYUNG O. CHUNG, OK HYN
NOH a/k/a OK HYUN LEE, HEE KEE, NOH, SOON
DUK KIM, MYONG HEE KIM a/k/a MYUNG HEE
KIM, YUN SANG KIM, ONE HO KIM, CHANG
SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM
YOUNG CHOI, YOUNG CHOO YU, CE CHOONG
YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM,
MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-
LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN
JUNG ZI, DUK SOO KWON, GUNN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

       *Plaintiffs*,

 -against-

NICHOLAS CERRONE and TRACY A. CERRONE,

       *Defendants*.
-----------------------------------------------------------------X

302 CV 812 (AWT)

Hon. Alvin W. Thompson, USDJ

Hon. Donna F. Martinez, USMJ

# MEMORANDUM OF LAW

### IN OPPOSITION TO:
### DEFENDANT'S RULE 37 MOTION

-and-

### IN SUPPORT OF

### PLAINTIFFS' REQUEST FOR MONETARY SANCTIONS

Victor M. Serby, Esq. [CT-20810]
Attorney for Plaintiffs
Empire State Building
350 Fifth Avenue, Suite 6305
New York, New York 10118
Tel: (212) 760-0111
Email: serbyv@bellatlantic.net

## PRELIMINARY STATEMENT

The nature of this case is a suit for personal injuries resulting from a motor vehicle accident on the Connecticut Turnpike on May 18, 2000. This case is plagued by Defendants' incessant motion practice, making meritless motion after motion.

Defendants made yet another motion under Rule 37 of the Federal Rules of Civil Procedure (FRCP).

Local Rule 37(a) (2-4) states as follows:

> 2. No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a part of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.
>
> 3. Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court. Each memorandum shall contain a concise statement of the nature of the case and a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed. Where several different items of discovery are in dispute, counsel shall, to the extent possible, group the items into categories in lieu of an individual listing of each item. Every memorandum shall include, as exhibits, copies of the discovery requests in dispute.
>
> 4. Where a party has sought or opposed discovery which has resulted in the filing of a motion, and that party's position is not warranted under existing law and cannot be supported by good faith argument for extension, modification or reversal of existing law, sanctions will be imposed in accordance with applicable law. If a sanction consists of or includes a reasonable attorney's fee, the amount of such attorney's fee shall be calculated by using the normal hourly rate of the attorney for the party in whose favor a sanction is imposed, unless the party against whom a sanction is imposed can demonstrate that such amount is unreasonable in light of all the circumstances.

## ARGUMENT

The plain meaning of Local Rule 37(a) (2-4) is clear; it means what is says. The overwhelming weight of judicial authority, including a decision of this court in this case is that failure to explicitly follow Local Rule 37 is fatal to any motion made under FRCP Rule 37.

Counsel for the defendants, the party making the motion, has violated every provision of Local Rule 37 with respect to the instant motion. Additionally, Plaintiffs have fully complied with discovery so that the motion is also substantively defective.

### Counsel for the Moving Party has not Conferred

As stated in detail in Plaintiffs' counsel's declaration accompanying this Memorandum, defense counsel sandbagged plaintiffs by making this motion. Despite many communications between counsel, both in writing and orally, no mention was made of any perceived lack of sufficiency of plaintiffs' compliance with discovery. There was never a proffer of an outline of discovery deficiencies as defense counsel promised in open court that he would provide. There was no conference, let alone a conference that complied with Local Rule 37(a)(2).

Defendants did not submit, and could not truthfully submit the affidavit required by Local Rule 37(a)(2) as part of their moving papers because Attorney Mills, Esq., counsel for the defendants never conferred with counsel for the Plaintiffs in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court.

Defendants' motion should be denied on this ground alone.  See Murphy v. Barberino Bros., Inc., 208 F.R.D. 483 (D.C. Conn. 2001)(Motions for sanctions and to compel would be denied for failure to even attempt to resolve discovery issues prior to filing the motions.); Cotram Commod. Trading Co. v. Seaboard Corp., 189 F.R.D. 456 (D.C.Kan. 1999)(To satisfy the conference requirement, it is not enough to re-demand the discovery; the parties must discuss the objections and make genuine efforts to resolve the dispute).

### Counsel for the Movant Defendants has not filed a Memorandum

No Memorandum was filed with this motion at all, let alone one that complies with Local Rule 37(a)(3). The defendants have blatantly disregarded Local Rule 37(a)(3).

The instant motion should be denied on the ground of failure to file a Memorandum.

<u>All Discovery Requested Has Been Provided</u>

Plaintiffs' counsel and the plaintiffs have bent over backwards to supply defendants with all requested discovery. Defendants were given all documents available, and now have everything they need to assess the injuries of each plaintiff. At the court hearing, defense counsel represented to the court on-the-record that he would provide a written outline of all outstanding discovery issues detailing each alleged deficiency. He has failed to do this, and instead once again files a motion.

<u>Monetary Sanctions Against Defense Counsel is Warranted</u>

Monetary sanctions against defense counsel, including the imposition of attorney's fees, is warranted under Local Rule 37(a)(4). <u>Arons v. Lalime</u>., 167 F.R.D. 364 (D.C.N.Y. 1996)(Sanctions would be imposed on counsel where counsel's motion to compel discovery did not contain a certification detailing sincere attempts to resolve the dispute).

Defense counsel, in this case, twice before filed Rule 37 motions that were dismissed by the court for failure to comply with Local Rule 37. In Endorsement Ruling filed December 17, 2002 denied motion to compel (docket entry number 24). The court, in denying the motion for failure to comply with Local Rule 37 cited to <u>Messier v. Southbury Training School</u>, No. 3:94cv1706 (EBB), 1998 WL 841641, at *3 (D.Conn. Dec. 2, 1998). <u>Messier</u> explains Local Rule 37, and defendants should have been on notice that they must comply with this Local Rule with respect to any motion they file.

In a second previous instance, under docket entry dated 5/12/03, the court, by endorsement ruling, denied Defendants' Motion to compel because defendants failed to comply with Local Rule 37.

Defense counsel does not seem to learn, and yet again files a motion that is so procedurally defective it cannot possibly be granted, and instead harasses and annoys Plaintiffs by requiring plaintiff's counsel to incur costs and to expend great legal effort to sift through thousands of

−3−

pages of documents in order to adequately respond. After knowingly submitting a third motion that does not comply with the Local Rules, monetary sanctions are in order. 35.6 hours at $375.00 per hour for attorney time with 26.3 hours of paralegal work at $110.00 per hour was incurred to respond to this frivolous motion. These fees should be directly reimbursed by defense counsel to Plaintiffs' counsel. The court should impose its own sanctions, payable to the Clerk of the Court for wasting judicial resources.

### DEFENDANTS' MOTION SHOULD BE DENIED AS PLAINTIFFS HAVE COMPLIED.

From the facts set forth in the accompanying Declaration it is clear that plaintiffs have responded to defendants discovery demands and therefore the harsh sanction of dismissal is unwarranted. Attorney Mills is like a broken record forever repeating that plaintiffs' responses are not sufficient without regard to production no matter what form they take. After the hearing of October 7, 2003, the court directed that Attorney Mills first send plaintiffs' counsel a detailed written demand of the discovery he found to be insufficient to which plaintiffs' counsel could respond. Attorney Mills never did. In the only instance where Attorney Mills informed plaintiffs' counsel of difficulty obtaining records I responded immediately by contacting the health care professional involved and the plaintiffs in order to resolve the issue. Duplicate authorizations were forwarded to Attorney Mills as he allowed the ones originally served to "expire". Even after delivery of MRI films, at plaintiffs' cost, 1661 documents, indexed and separated he did not state that there was anything wrong. I traveled for hours with my paralegal to meet with Attorney Mills, willing to spend whatever time it took to go over each document, but we were dismissed after a few minutes. I did not receive any communication regarding outstanding discovery from Attorney Mills, so I informed the Court in writing of plaintiffs' compliance with a copy to Attorney Mills.

## CONCLUSION

Based on the facts set forth in the Declaration accompanying this motion, and the arguments set forth above, this court should deny all relief requested in defendants' latest motion and grant Plaintiffs sanctions including attorney's fees together with such other further and different relief as to this court seems just and proper.

Dated: March 18, 2004
    New York, New York

                Respectfully submitted,

                _____
                Victor M. Serby, Esq. [CT-20810]
                Empire State Building
                350 Fifth Avenue, Suite 6305
                New York, NY 10118
                Tel: (212) 760-0111
                e-mail: serbyv@bellatlantic.net