UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
-----------------------------------------------------------------X
KI SOK CHUNG, BYUNG O. CHUNG, OK HYN
NOH a/k/a OK HYUN LEE, HEE KEE, NOH, SOON
DUK KIM, MYONG HEE KIM a/k/a MYUNG HEE
KIM, YUN SANG KIM, ONE HO KIM, CHANG
SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM
YOUNG CHOI, YOUNG CHOO YU, CE CHOONG
YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM,
MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-
LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN
JUNG ZI, DUK SOO KWON, GUNN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

## 302 CV 812 (AWT)

**DECLARATION IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO RULE 37**

                    *Plaintiffs*,

    -against-

NICHOLAS CERRONE and TRACY A. CERRONE,

                    *Defendants.*
-----------------------------------------------------------------X

Hon. Alvin W. Thompson, USDJ

Hon. Donna F. Martinez, USMJ

      I, Victor M. Serby, hereby declare as follows:

1.   I am the attorney for all named Plaintiffs herein.

2.   I have personal knowledge of all statements made herein, except those made upon information and belief.

3.   I submit this Declaration in Opposition to defendants' Motion dated February 25, 2004.

4.   The instant motion by defense counsel is appalling.  This motion was obviously intended to sandbag plaintiffs, and to create a false record of the events as they actually transpired.  The plaintiffs request that this Court deal with this misconduct appropriately including the award of attorney's fees to plaintiffs and the assessment of a monetary sanction on defendants' counsel to deter future misconduct.

5.   This is not the first time that Attorney Mills has brought a motion without even attempting to communicate with plaintiffs to resolve issues prior to requesting judicial intervention. Attorney Mills' pattern of behavior is one of bad faith and calculated to cause delay in this action and is clearly prejudicial to plaintiffs.  His pattern of behavior is outlined in the annexed Declaration in support of plaintiffs   (See Exhibit 1– Copy of Declaration in Support of Plaintiffs Order to Show Cause dated August 27, 2003).

6.  In contravention of Rule 37 of the federal and local rules and the Court's directives, the defendants are once again engaging in sanctionable conduct by bringing this motion without any prior communication whatsoever concerning alleged problems with the plaintiffs' responses to defendants' discovery demands. Defendants chose instead to once again waste both plaintiffs' and the Court's time by filing yet another frivolous motion.

7.  In fact, Attorney Mills, defense counsel, in the communications that he did have with me, spoke about settling the case, or at least, streamlining the case by settling the action as to some of the plaintiffs. At no time was any deficiency with respect to plaintiffs' discovery responses communicated to me, even though Attorney Mills stated on the record that he would provide a written document describing all perceived deficiencies. (See Exhibit 2-Excerpt of Official Transcript from 10/7/03 Hearing , p.65). Therefore defendants' February 25, 2004 Motion comes as a complete surprise.

8.  It is defendants who have not complied with this Court's directive from the October 7, 2003 hearing. Defense counsel was directed to outline in writing the discovery which he sought and considered insufficient. Attorney Mills has failed to do so. Therefore it is impossible for plaintiffs to violate any court orders as defense counsel did not meet the condition precedent of providing plaintiffs with a written outline of the outstanding discovery as they promised to do so on the record and as the court directed. (See Exhibit 2 - pages 60 & 65).

## **BACKGROUND**

9.  On October 7, 2003 a Show Cause Hearing was held before Hon. Donna A. Martinez wherein Judge Martinez attempted to resolve discovery issues between parties. Defense counsel, Attorney Mills, claimed that plaintiffs' responses were insufficient and plaintiffs' counsel reiterated that plaintiffs had fully complied.

10. It was clear that the discovery issues were too numerous and could not be resolved at the hearing thereby Judge Martinez instructed counsel to communicate to resolve discovery issues prior to asking the court's intervention. Specifically the Court instructed, and later Attorney Mills reiterated the following:

> "THE COURT: All right. The clients must answer the interrogatories and request for production.
>
> Mr. Mills will provide to Mr. Serby – I don't know whether its easier to provide a list of the records that you have received or haven't received, but somehow counsel have to communicate on what needs to be done here, what doctors you haven't heard responses from, what clients there are absolutely for, that kind of thing, and communicate that to Mr. Serby, and yes, Mr. Serby, it's the obligation of the plaintiffs to get this information in the hands of the defendants" (See Exhibit 2 - pg. 60 of Official Transcript)

11. In agreement, Attorney Mills volunteered that he would do same.

"MR. MILLS: Your Honor, I – we've taken up so much of the Court's time this morning, my suggestion would be that I confer with Mr. Serby and I'll outline in writing, so there's no dispute, which ones I'm missing, which ones have not been answered. I have no problem doing that, and then if we could just have a time line as to when he – you know, when I should expect compliance, I think we can take it from there, with all due respect.
THE COURT: All right"
(See Exhibit 2 - pg. 65 of transcript).

12. In order to demonstrate to the court that plaintiffs were in compliance with defendants discovery demands, copies of plaintiffs' responses and document production were brought to the October 7th hearing. To save the Court's time and expense in reviewing the production during the hearing, I offered to immediately take all the responsive documents over to opposing counsel's office to review them so that Attorney Mills could communicate to me any insufficiency. Attorney Mills declined to meet immediately but agreed to schedule a meeting at a future date to be agreed upon by counsel. (See Exhibit 2 – p. 63 of Official Transcript).

13. At the conclusion of the hearing on the issue of the discovery dispute, Judge Martinez reiterated Rule 37 of the federal and local rules, and emphasized that counsel are to communicate prior to requesting judicial intervention:

"If the two of you – Under normal circumstances when discovery is complied with in a timely fashion and counsel are communicating properly, all of this detail gets sorted through, and perhaps there's one remaining legal issue that you must call upon the Court to decide for you. That's the way discovery is supposed to be handled"
(See Exhibit 2 - p. 66 of Official Transcript)

14. In the spirit of cooperation, following the hearing, I immediately began to gather MRI films and organize the discovery in order to aid Attorney Mills.

15. I next heard from Attorney Mills by way of letter dated October 27, 2003 indicating that he had concluded a trial and was available to meet to discuss outstanding discovery issues in November or early December. He also indicated he was having difficulty obtaining records from a plaintiff's chiropractor and he needed plaintiffs to supply MRI records. (See Exhibit 3 - 10/27/03 letter from Attorney Mills). Attorney Mills did not bring to my attention any other outstanding discovery issues.

16. Upon receipt of this letter, on October 30, 2003, I immediately telephoned Attorney Mills. I indicated that I would have the MRI films for him in about a month. I asked to schedule a meeting at which time we could review plaintiffs' responses, including those previously provided and the MRI films. I further, notified him that the plaintiffs misunderstood what was

said in court and did not want to drop their causes of action. Attorney Mills said not to worry about it and that we just needed to get the responses to him.

17. On November 18, 2003, I sent further responses including Supplemental Exchange of Authorizations which included a listing of health care providers and collateral sources of each plaintiff; Responses to defendants' demand for production; and Responses to Defendants Interrogatories to the Loss of Consortium Claims. (See Exhibit 4 - Copy of cover letter; copy of Supplemental Exchange of Authorizations w/o authorizations)

18. After spending over a month (and considerable sums of money) to secure copies of the MRI and X-ray films of plaintiffs, I wrote to Attorney Mills on December 15, 2003, indicating that I received the records and set forth several dates to have the above meeting. In the letter I also indicated that I had worked to resolve the issue with the above chiropractor and instructed the plaintiffs to visit the chiropractor's office to re-execute authorizations in order for Attorney Mills to receive the medical records. (See Exhibit 5-12/15/03 letter from Attorney Serby).

19. My next communication from Attorney Mills was a facsimile dated December 22, 2003, in which he indicated he could not meet on the dates I provided due to his commitments in other cases but gave alternative dates for the meeting. (See Exhibit 6– 12/22/03 facsimile from Attorney Mills). By mutual agreement the meeting was scheduled for January 16, 2004 at 11:00 am.

20. On January 16, 2004, due to heavy traffic conditions I arrived late for the above meeting. My office spoke with defense counsel's secretary who was notified that I would be late to the meeting. She indicated that the lateness would not be a problem. In addition, when I arrived with my paralegal, Attorney Mills did not indicate that the delay was a problem or that he did not have time to review any of plaintiffs' production. Therefore, contrary to defense counsel's statement in his motion there was no communication to me that my lateness would interfere with the review of plaintiffs' production.

21. When I met with Attorney Mills, I delivered over 1600 documents fully indexed and Bates stamped.. I showed Attorney Mills the documents and fully explained that the documents we provided were Bates stamped, indexed with blank pages inserted in between each document for easy access. I have annexed only a copy of the first page of the production as Attorney Mills acknowledges receipt of all documents. (See Exhibit 7 – Doc A00000)

22. I then opened up a typical MRI film and personally showed him the labeling on the MRI films. I explained to him that his expert would have no problem reading these films because they were "original" quality films not "copies". Additionally, I informed Attorney Mills that he now had all MRI films of each plaintiff except for that of plaintiff, Soon Duk Kim. The MRI facility where Soon Duk Kim was imaged informed us that digital data of the MRI of Soon Duk Kim were lost during a hard disk crash and there were no other records of this MRI. Attorney Mills was however provided with the MRI reports which described Soon Duk Kim's injuries in full medical detail.

23. Attorney Mills briefly reviewed the documents and said "it looks okay" and then told both me and my paralegal that we could leave. After several hours of travel, 20 minutes of waiting in opposing counsel's office, Attorney Mills met with us only briefly. Contrary to the Court's directive of having a face to face meeting with all counsel present, he sent us on our way without a meaningful review of all documents. It was my understanding that Attorney Mills was satisfied with plaintiffs' responses and production. I did not hear anything further from Attorney Mills nor did I ever receive any written outline from him. Furthermore, in subsequent telephone conversations with him, we discussed settlement only, he made no mention of any deficiencies in plaintiffs' responses or document production.

24. On January 20, 2004, I wrote to this court to report back the status of plaintiffs' compliance, indicating that plaintiffs had indeed complied with all directives. (See Exhibit 8 – 1/20/04 letter to from Attorney Serby to Hon. Martinez, USMJ). A copy of the letter was contemporaneously served upon Attorney Mills. He never responded to this letter, in writing or orally.

25. My last communication with Attorney Mills after the meeting and delivery of plaintiffs' supplemental production was on February 16, 2004. I telephoned Attorney Mills asking for his consent for a short extension of time to serve Plaintiffs' Expert Disclosure in this action so that I could file a consent motion with the Court. Attorney Mills agreed to the extension and further requested that I ask the Court for at least a month because he needed additional time himself. **At no time during this conversation did Attorney Mills mention any problems with our discovery production.**

## THE FEBRUARY 25, 2004 MOTION

26. Most of Attorney Mills' perceived deficiencies set forth in defendants February 25, 2004 Motion were brought to the attention of Judge Martinez at the October 7, 2003 hearing. Similar to his previous motions, it is unclear what Attorney Mills is specifically seeking in a response from plaintiffs.

27. Attorney Mills asks for additional sanctions for plaintiffs' refusal to answer simple interrogatories filed in this case more than one year ago. Without detail he claims that plaintiffs responses were grossly incomplete. (See Defendants Motion pages 2-4). For example, Attorney Mills has claimed that plaintiffs have not provided "very basic information such as... a list of injuries sustained" (Defendants Motion, pg.5). This very same example was brought before Judge Martinez during the hearing. In an effort to clarify what Attorney Mills considered "basic information" I asked the Court if plaintiffs responses were sufficient as follows:

> "MR. SERBY: That is correct, Your Honor, but we basically – you know, by way of example, he asked:
> "Identify and list each injury you claim to have sustained as a result of the instance alleged in the complaint."

So lumbar spine, bulging disk at 03/04 which deforms the interior margin of the fecal sac," and it goes on and on and on, you know, listing the injuries. These have gone –
THE COURT: Perhaps that's an example of one that you need not supplement a response to.
MR. SERBY: I maintain they're all like this."
        (See Exhibit 2 - pg. 62, See also Exhibit 9 - copy of response from a plaintiff).

28. The above is a clear example for the necessity of Attorney Mills to have outlined, in detail, what he finds "grossly insufficient" and "unsatisfactory". The reason for the requirement in D.Conn.L.Civ. R. 37 of "a specific verbatim listing of each of the items of discovery sought or opposed, and immediately following each specification shall set forth the reason why the item should be allowed or disallowed" becomes abundantly clear after reading defendants' broad assertions of insufficiency in their motion. Plaintiffs maintain that all discovery production is essentially complete, and that defendants' assertion to the contrary is frivolous.

29. It was also apparent to all counsel that there was a need for a detailed listing of disputed discovery during the October 7th hearing.   Judge Martinez, therefore, directed Attorney Mills to provide me with such a detailed listing.

30. Defendants have failed to provide the above listing.  In addition, Defendants have failed to meet any of the requirements of Federal or Local Rule 37 prior to bringing this motion. Defendants have failed to file a memorandum of law, attach the documents in question, and they have failed to include "an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, and has been unable to reach such an agreement." *See* D. Conn. L. Civ. R 37.

31. This is the fourth time Attorney Mills has brought a Motion under Rule 37 and has failed to provide the Court with the requisite supporting documents.  Defendants' Motions of December 4, 2002 and May 12, 2003 were denied by the court based upon defendants' noncompliance with D.Conn.L.Civ. R. 37.  (See Exhibit 10 – Endorsed Ruling dated 12/17/02 and Endorsement dated 5/12/03).

32. Defendants' compliance with Local Rule 37 would only highlight the frivolous nature of their motion.

33. Attorney Mills misleads this Court regarding the Orders issued in response to the numerous discovery motions he has made that would form the basis of defendants' current motion to dismiss under Fed.R.Civ.P. Rule 37(b)(2)(C). (See Defendants' Motion pages 5-6).  This motion should also be denied since defendants did not comply with the rules set forth. Attorney Mills never contacted me to resolve any outstanding discovery issues.  Even his Motion for Costs indicates that the last time he contacted me was on February 4, **2003**.  (See Exhibit 11 – Defendants Motions).

34. In an attempt to response the Motion, plaintiffs filed the above Order to Show Cause on August 28, 2004. The Order to Show Cause was bounced due to procedural grounds. In the interim I received an Order to Show Cause from Judge Martinez after which a hearing was held on October 7, 2003. Judge Martinez directed that outstanding discovery issues first be resolved between counsel. Most importantly, Attorney Mills was directed (and volunteered) to send me a written outline of the discovery he wanted supplemented. Plaintiffs' further responses were contingent upon receipt of this (or any) written document/demand from Attorney Mills. (See discussion supra).

35. Plaintiffs have not intentionally or willfully disobeyed or violated Court Orders. Plaintiffs, as shown above have diligently been working to meet the needs of Attorney Mills repeated complaints of insufficiency, even though he does not specify what he considers insufficient. Each time I have felt that I have complied with defendants' demands, Attorney Mills brings another motion, parroting each previous motion without documentation or substantiation.

36. Defendants cannot possibly be prejudiced if they did not receive additional responses from plaintiffs for demands that were never made by Attorney Mills. In addition, defendants cannot claim delay in receipt of responses.

37. Attorney Mills is disingenuous  when he claims that "defense has been unable to depose the plaintiffs...[and]...[i]t is unacceptable to attempt depositions without a prior opportunity to examine medical records in order to prepare a line of inquiry." (Defendants motion page 12 Attorney Mills' admitted, throughout his motion that he has received from plaintiffs numerous responses, document production, MRI films, and authorizations. The 1600 plus Bates stamped documents alone (produced to defendants on more than one occasion) contain an accident report, medical records that outline and detail injuries, medical bills which outline and detail costs, no-fault records which contain information regarding claims made to insurance companies regarding plaintiffs' injuries and compensation to plaintiffs' health care providers. The very nature of the deposition is to clarify and obtain the specifics of the claims that defendants are now seeking. However, it is obvious that Attorney Mills' goal in this litigation is not clarification.

38. In an effort to pad defendants' motion, Attorney Mills once again complains in the most general terms that the responses are "incomplete and inaccurate". As an example he claims that plaintiffs did not respond to defendants' request for an address of the children of the plaintiffs. However, in the very next sentence he admits that the response sets forth that the plaintiffs' children live at the same address as the parents. (See Defendants' motion, pages 9-10). A sample response is annexed and it clearly states (in response to the request for children's address) that the children live at the same address as the parent. The parents' address is clearly indicated in the response above. (See Exhibit 12 – A sample Response).

39. It is important to note that Attorney Mills then makes a disturbing comment regarding plaintiffs' race, ethnicity and culture. He states "Each plaintiff indicated that the children lived at the same address as the parents, which is highly improbable for all ten couples, some of whom are old enough to have children over the age of eighteen." (See Defendants' Motion

pg. 10). This comment is an example of Attorney Mills' continued inappropriate mention of plaintiffs' race, ethnicity and heritage. Another example of Attorney Mills' apparent ethnic bias is persistent request for marriage certificates when he was informed that in Korea they do not issue marriage certificates. During the October 7th hearing I explained the Korean system in which marriages are reported and, in most instances, recorded in a single family document. (See Exhibit 2 - pg. 6-7). The documents provided were designated as such in plaintiffs' response. Yet Attorney Mills claims in his motion that he received "several pages of documents that appear to be in Korean" but no legible marriage certificates have been provided. (See Defendants' Motion pg. 10). Attorney Mills has made several additional gratuitous references to plaintiffs being Korean where such references have no relevance to this lawsuit. Also suspect is Mr. Mills' reaction to the prospect of speaking with "Korean doctors". (See Exhibit 2 - pg. 58 of transcript).

40. Plaintiff's attorney is at a loss as to what must be done to further comply with defendants' discovery requests because I believe that everything that was requested was sent to defendants' counsel.

41. Finally, a request to dismiss this lawsuit is totally uncalled for, and is yet another ploy in defendants' counsel's established practice of filing motions before this court in an apparent attempt to increase billings to his clients' insurer and make needless work for the Court and my office. Attorney Mills has filed a 4 discovery motions in 1 year without any meaningful dialogue to resolve any discovery issues.

42. In sum, plaintiff did in fact comply with all substantive discovery.

43. Plaintiffs' counsel has spent 35.6 hours at $375.00 per hour with 26.3 hours of paralegal work at $110.00 per hour answering this motion. Plaintiffs' counsel respectfully requests attorneys fees and costs by defense counsel for this purely wasted time.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court deny defendants' motion in its entirety and grant sanctions against defendants' counsel for wasting both the court's time and plaintiffs' counsel's time by filing a frivolous motion.

Executed on March 18, 2004

I declare under penalty of perjury that the foregoing is true and correct.

_____

VICTOR M. SERBY [CT-20810]