# EXHIBIT 1

# VICTOR M. SERBY, ESQ.

*Counselor At Law*
350 Fifth Avenue
Suite 6305
New York, New York 10118

———

(212) 760-0111
(212) 760-0458 fax

August 27, 2003

<u>Via fax with permission - **11** pages total - 1-860-240-3211</u>
HON. DONNA F. MARTINEZ, U.S.M.J.
U.S. Courthouse
U.S. District Court - District of Connecticut
450 Main Street
Hartford, Connecticut 06103

<u>Re: CHUNG et al. v. CERRONE</u>
302 CV 812 (AWT)(DFM)

Dear Judge Martinez:

Annexed is a courtesy copy of an Order to Show Cause and Declaration in Support which will be filed with the Court in the above-identified case. I did not include the voluminous exhibits consisting mostly of over 1500 pages of plaintiffs' discovery documents that was sent to defendants' attorney.

The Order and supporting documents address issues which are part of defendants' current Motion for Dismissal before your Honor. I respectfully request a telephone conference to resolve these issues without wasting additional of resources of the Court.

We want to emphasis that the defendants appear to be using a series of misrepresentations to prejudice the plaintiffs. We have attached herewith copies of the proofs of mailing of plaintiffs' responses to defendants discovery requests.

I thank the court for its attention to this matter.

Respectfully submitted,

VICTOR M. SERBY, ESQ.

VS/bg
enc.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
---------------------------------------------------------------X
KI SOK CHUNG, BYUNG O. CHUNG, OK HYN
NOH a/k/a OK HYUN LEE, HEE KEE, NOH, SOON
DUK KIM, MYONG HEE KIM a/k/a MYUNG HEE
KIM, YUN SANG KIM, ONE HO KIM, CHANG
SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM
YOUNG CHOI, YOUNG CHOO YU, CE CHOONG
YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM,
MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-
LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN
JUNG ZI, DUK SOO KWON, GUNN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

## 302 CV 812 (AWT)

## ORDER TO SHOW CAUSE

Hon. Alvin W. Thompson, USDJ

                                    *Plaintiffs,*

        -against-

                                                        **ORAL ARGUMENT REQUESTED**

NICHOLAS CERRONE and TRACY A. CERRONE,

                                    *Defendants.*

---------------------------------------------------------------X

        Upon all proceedings had herein, Let defendants' attorney show cause before this Court,

in Room_____at Abraham Ribicoff Federal Building, 450 Main Street, Hartford, Connecticut,

06103, on the _____ day of September, 2003 at 9:30 in the forenoon of that day, or as soon

thereafter as counsel can be heard, why an order should not be made:

1. Vacating the Court's Order of July 8, 2003;
2. Vacating the "Endorsement Order" dated July 17, 2003;
3. Quashing Defendants' Motion of Dismissal dated August 1, 2003; and
3. Granting such other and further relief that may be just.

ORDERED that pending the hearing and determination of this motion and entry of an Order
        thereon:
                Let all proceedings now pending before the court concerning enforcement of the
                discovery disputes be stayed.

        SUFFICIENT CAUSE THEREFOR APPEARING, LET service of a copy of this Order and

attachments be made on JOHN W. MILLS, MURPHY AND KARPIE, LLC, 350 Fairfield

Avenue, Suite 408, Bridgeport, CT 06604 by USPS Priority Mail with delivery confirmation on or before August     , 2003; and

ORDERED that any answering papers by defendant(s) must be served upon Plaintiff no later than September _____, 2003 by USPS Priority Mail with delivery confirmation.

Dated: August     , 2003
Hartford, Connecticut

_____
Alvin W. Thompson
United States District Judge

- 2 -

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-----------------------------------------------------------------X

KI SOK CHUNG, BYUNG O. CHUNG, OK HYN
NOH a/k/a OK HYUN LEE, HEE KEE, NOH, SOON
DUK KIM, MYONG HEE KIM a/k/a MYUNG HEE
KIM, YUN SANG KIM, ONE HO KIM, CHANG
SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM
YOUNG CHOI, YOUNG CHOO YU, CE CHOONG
YI, SUNG AEE KIM a/k/a SUNG AEE YANGKIM,
MIN HYUN KIM, MI HWA LIM a/k/a MI HWA KIM-
LIM, PYONG HEE KIM, JUNG ZI WEN a/k/a WEN
JUNG ZI, DUK SOO KWON, GUNN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

## 302 CV 812 (AWT)

## D E C L A R A T I O N   I N SUPPORT

Hon. Alvin W. Thompson, USDJ

                          *Plaintiffs,*

        -against-                                    **ORAL ARGUMENT REQUESTED**

NICHOLAS CERRONE and TRACY A. CERRONE,

*Defendants.*

-----------------------------------------------------------------X

I, Victor M. Serby, hereby declare as follows:

1. I am the attorney for all named plaintiffs herein.

2. I have personal knowledge of all statements made herein, except those made upon information and belief.

3. I submit this declaration in support of plaintiffs' Order to Show Cause to vacate the Court's orders compelling discovery and for discovery sanctions and to quash defendants' latest motion for dismissal.

4. On April 21, 2003, Defendants filed a Motion to Compel Responses to Discovery which was denied by Order of May 12, 2003. (See Exhibit A - page 7 of Civil Docket Sheet from P.A.C.E.R., docket nos. 33 and "—")

5. This Order to Show Cause is necessary because Defendants' counsel filed a second motion to compel discovery on May 16, 2003 (See Exhibit A- No. 35), which was never received by

me, nor was a copy of the Court's orders of July 9, 2003 and July 17, 2003 (Exhibit A - docket nos. 37 and "—") served upon me, as set forth in the order. I still do not have a copy of this motion.

6. I therefore had insufficient notice of any renewed action to compel discovery or for discovery sanctions.

7. The second motion to compel comes as a surprise to plaintiffs. On May 15, 2003 defendants mailed a letter requesting duplicate authorizations (Exhibit B), and your declarant spoke with defendants' counsel following that date and it was agreed that new authorizations would be sent as soon as possible.

8. That notwithstanding, Plaintiffs have substantially complied with all discovery in this case.

9. Plaintiffs served substantive discovery on September 30, 2002 which were completely responsive to defendants' discovery request. (*See* Exhibit C—Plaintiffs' Automatic Disclosure, Plaintiffs' Responses to Defendants' Interrogatories and Exchange of Authorizations). These documents set forth plaintiffs' injuries and healthcare providers. The authorizations would enable defendants to obtain certified documents directly from healthcare providers and documents from insurance carriers. Discovery given to defendants was complete and in any event, more than sufficient to prove plaintiffs' primary case.

10. The exchange of authorizations is a customary practice in personal injury cases. This enables defendants to obtain objective, certified copies directly from the source.

11. In addition defense counsel complains about the cost of deposition of the parties, again, in my experience this is a routine cost of litigation which all defense counsel insist upon.

12. In any event, Plaintiffs have served upon defendant copies of medical records on May 17, 2003 and duplicate authorizations on May 29, 2003 (*See* Exhibit D ).

13. Defendants' attorney's assertion in a telephone conversation that they did not receive medical record authorizations is not true, and their delay made a self-created problem on the part of defendants' attorney.

14. That is the only conversation that I had with defendants' counsel concerning discovery deficiencies. At no time did I speak with defendant's counsel, other than this, concerning any discovery deficiency concerning discovery that we allegedly did not provide to them.

15. As stated above, plaintiffs served <u>all</u> medical record authorizations on defendants' attorney on September 30 2002. *See* Exhibit C. (Defendants, contrary to what was stated in the aforesaid telephone conversation, acknowledge receiving these authorizations in the May 15, 2003 letter).

16. Defendants' attorneys, for an inexplicable reason, did not act on those authorizations within a reasonable period and instead waited over 7 months.  Nevertheless, they apparently had time to file six (6) motions within those 7 months but did not use the authorizations to request any documentary evidence that they had available to them.  (See Exhibit A, pgs 5-8, docket nos 20, 21, 22, 25, 27 & 33

17. Within the aforesaid seven month period, defendants' counsel was able to initiate 6 questionable motions in this case, while at the same time failing to obtain the plaintiffs' medical records and proceed with the merits of this case.

18. In the meantime, while defendants' attorneys were busy making motions, the implementing regulations of the Health Care Portability Accountability Act of 1996 (HIPAA) PL 104-191 § 264, concerning patient privacy of medical records, (45 CFR Part 160)  became effective on April 15, 2003 rendering the authorizations (provided 7 months earlier) invalid.

-3-

19. On May 15, 2003, defendants' counsel sent a letter stating that "the medical authorizations you provided [on September 30, 2002] in your initial compliance . . . are outdated pursuant to the new HIPPA [sic] Laws that just went into effect,"**and at the same time requested new authorizations**. *See* Exhibit B. The admission in this letter contradicts defense counsel's assertion in the telephone conversation that he never received any authorizations.

20. My staff, at great inconvenience and expenditure of time, contacted all the plaintiffs and had them re-execute medical authorizations that comply with HIPAA.

21. **Simultaneously with their May 15, 2003 letter, defense counsel, in apparent bad faith, composed a sixth motion to compel discovery which was filed with the court on May 16, 2003.** (*See* Exhibit A docket nos. 35,36)

22. The new HIPAA authorizations were sent to defendants' counsel just before Memorial day, on May 29, 2003 by US Mail. *See* Exhibit D.

23. It is outrageous that defendants after getting not one, but two sets of authorizations did not discontinue their motion to compel, and instead submitted it yet again.

24. The court granted defendants' request to close fact discovery to February 1, 2004, so there is absolutely no prejudice to defendants whatsoever in granting this motion to vacate. This discovery extension is the longest that this attorney has seen granted in federal practice.

25. I believe that it is manifestly inequitable to deny plaintiffs' motion for sanctions for defendants' second summary judgment motion (which was essentially identical to their first motion), yet allow sanctions on defendants' discovery motion for their self-created problems for discovery that was in fact complied with.

-4-

26. Defendants submitted an itemized bill to the Court in support of the granting of defendants' motion for discovery sanctions (of which plaintiff never received a copy) which clearly bills for identical work that they did for previous motions to compel that were denied.

27. Defendants look to punish Plaintiffs for defense counsel's neglect of this case by sitting on authorizations which were promptly submitted to them, and that they failed to submit to the appropriate doctors and hospitals in a timely manner.

28. It is my belief that the only way to resolve this discovery quagmire and to march onto the merits of this lawsuit is to have the attorneys for both parties **personally appear** in court, and for the Court to specifically order the production of specific allegedly "missing" discovery or to see for itself that the "missing" discovery was in fact provided.

29. It is my belief that an in-person conference is the only way to get back on track towards complying with Rule 1 of the FRCP for the "just speedy and inexpensive determination of this action," instead of engaging in protracted motion practice concerning items that were already sent to and apparently received by defense counsel.

30. Plaintiff's attorney is at a loss as to what must be done to further comply with defendants' discovery requests because I believe that everything that was requested was sent to defendants' counsel.

31. Finally, a request to dismiss this lawsuit is totally uncalled for, and is yet another ploy in defendants' counsel's established practice of filing motions before this court in an apparent attempt to increase its billings to their clients' insurer and make needless work for the Court and my office.

32. In sum, plaintiff did in fact comply with all substantive discovery.

33. No previous request for identical or similar relief asked for herein has been made to this or any other court.

WHEREFORE, for the foregoing reasons, it is respectfully requested that the Court stay any proceedings for discovery sanctions, and vacate any prior orders to compel discovery, and to order an in-person appearance of all counsel so that this apparent dispute can be sorted out without further expenditure of significant resources for all involved.

Executed on August 27, 2003

I declare under penalty of perjury that the foregoing is true and correct.

_____
VICTOR M. SERBY [CT-20810]

# EXHIBIT 2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KI SOK CHUNG, ET AL.,                    .      Case No. 3:02-CV-00812
                                         .      (AWT)
                    Plaintiffs,          .
                                         .
        v.                               .      Hartford, Connecticut
                                         .      October 7, 2003
NICHOLAS CERRONE, ET AL.,                .
                                         .
                    Defendants.          .
.   .   .   .   .   .   .   .   .   .   .   .   .

SHOW CAUSE HEARING
BEFORE THE HONORABLE DONNA F. MARTINEZ
UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Plaintiff:              Law Offices
                                By: VICTOR M. SERBY, ESQ.
                                350 5th Avenue
                                Room 6307
                                New York, New York

For the Defendant:              Murphy & Karpie
                                By: JOHN W. MILLS, ESQ.
                                350 Fairfield Avenue
                                Suite 408
                                Bridgeport, Connecticut

Official Court Reporter:        MR. STEPHEN C. BOWLES

BOWLES REPORTING SERVICE
P.O. BOX 607
GALES FERRY, CONNECTICUT 06335
(860) 464-1083

1  motion to dismiss in accordance with Rule 37.  There
2  was no answer, not response, that is, filed to the
3  motion to dismiss, and the Court issued an order to
4  show cause ordering plaintiffs' counsel and the
5  plaintiffs to appear here before me this morning to
6  show cause why the defendants' motion should not be
7  granted.

8       All right, I'll hear from the plaintiffs'
9  counsel.

10      MR. SERBY:  Your Honor, with respect to the
11  discovery requests in this case, we've substantially
12  complied with all discovery requests.

13      We have -- We served authorizations not once,
14  but twice, on opposing counsel.  The original set of
15  authorizations were filed.  Opposing counsel sat on
16  them for seven months.  In the meantime a law --
17  federal law called HIPAA intervened, rendering the
18  authorizations null and void because apparently under
19  HIPAA there are other requirements for authorizations
20  in order to release medical information.

21      We sent out a -- I -- Well, it was in a
22  telephone call to opposing counsel concerning it.  He
23  said he needs new authorizations.  We sent out the new
24  authorizations.

25      On May 29th, 2003 we sent out new

1    authorizations and simultaneously with the telephone

2    call opposing counsel files a motion, you know, with

3    the Court, basically saying that he didn't get, you

4    know, any authorizations.

5            Basically, all these documents that you see

6    in this pile were served, and with respect to the loss

7    of consortium claims, there were certain items in the

8    -- aside from the fact that we didn't get certain

9    papers, did not actually receive certain papers, with

10   respect to the loss of consortium claims there were

11   requests for documents, namely marriage certificates

12   that were a big problem because is Korea there's --

13   until about two years ago there was no such thing as a

14   marriage certificate.   They have what they call "Family

15   Census Registries."

16           Apparently, most of the names -- about 60

17   percent of the population is either named Kim or Park,

18   and there's no official evidence of marriage, except

19   very few circumstances.

20           We've recently gotten these documents from

21   the -- some of the documents from the clients.   Others

22   are not locatable.

23           The official recording language in Korea is

24   in Chinese apparently, and we did obtain some documents

25   in Korean and -- Chinese rather, but -- which are

1   Your Honor.  I filed so many motions in this case.  I

2   can say that I've taken the position all along, with

3   Mr. Serby, that I shouldn't -- this shouldn't be my --

4   he's the one making the claims against my clients.  His

5   complaint is asking for millions of dollars in damages,

6   and I've said to him all along that I don't -- I mean,

7   half the -- these are just -- I've sent out, Your

8   Honor, and I'm not exaggerating, I've probably sent out

9   over a hundred letters, and these are just --

10           THE COURT:  A hundred letters --

11           MR. MILLS:  To the doctors.  There's that

12  many doctors just listed -- In response to the

13  interrogatories, there are doctors listed, and

14  addresses, so with the HIPAA authorizations, I've sent

15  them to every single one, and I can tell you as I sit

16  here now, I've received, in response, probably six

17  responses from doctors offices, asking me to forward

18  payment for the records, then I'll hopefully be able to

19  get those records.  I've received no records

20  whatsoever, yet.

21           These all came back as totally undeliverable.

22  There have got to be, I'd say there's 20 here that came

23  back.  I have six responses.  That leaves 75 responses

24  unanswered.  I don't think it's my job to call doctors

25  -- Korean doctors in New York, try and intercede and

1   say, "I sent this to you.  You haven't responded."

2   Don't they have some obligation to give me the records

3   and not foist it off on me?

4           Now, I mean, to tell me that you cannot even

5   list the medical special damages in the case, if no

6   fault has that information, Mr. Serby or his paralegal

7   can call Allstate, explain that they represent these

8   people, and find out -- and give me a list of what --

9   the medical special damages.  That's basic in every

10  single case I've ever been involved with.

11          I am in a position where I've had this case

12  for over a year.  The original discovery deadline for

13  all discovery was July of 2003.  The plaintiffs have

14  disclosed no experts.  I'm left telling my client I

15  don't know anything about the case.  I don't know what

16  the medical special damages are.  I don't know -- I

17  don't have any employment records.  I don't know what

18  any of the people do for a living.  I assume their

19  medical bills are paid by New York no fault.  I don't

20  have any response to that.

21          I can't begin to take their deposition when

22  they say they have permanent injuries, but they won't

23  tell me what they are.  They say that they're not a

24  doctor.  It's a joke.  It really is a joke.

25          THE COURT:  Mr. Serby?

1          MR. SERBY:   Your Honor, with respect to, you

2     know, the pile -- the letters that he sent out, he said

3     he sent out a hundred, and we've -- that must have

4     meant that we gave him over a hundred authorizations.

5     We've been filling out authorizations -- Actually, we

6     gave him three sets of authorizations today, and this

7     -- as I said, this is the first time that we've heard

8     that the -- that they came back, and if he gives us a

9     list as to, you know, what the problem is, then maybe

10    we can begin to address it, but this is a total

11    surprise right now.

12          With respect to the permanency of injuries, I

13    still maintain that if it's understood that the clients

14    are speaking only in lay terms, that, you know, how it

15    feels, how it feels, whether it's permanent or not are

16    two different things.   Permanency with a injury is a

17    medical call and, you know, how the arm feels at the

18    present time is -- can be made by the patient in an

19    interrogatory.

20          THE COURT:   All right.   The clients must

21    answer the interrogatories and request for production.

22          Mr. Mills will provide to Mr. Serby -- I

23    don't know whether it's easier to provide a list of the

24    records that you have received or haven't received, but

25    somehow counsel have to communicate on what needs to be

1   done here, what doctors you haven't heard responses

2   from, what clients there are absolutely for, that kind

3   of thing, and communicate that to Mr. Serby, and yes,

4   Mr. Serby, it's the obligation of the plaintiffs to get

5   this information in the hands of the defendants.

6           MR. SERBY:  Your Honor, by way of example,

7   you know, --

8           THE COURT:  If you've already given it to

9   him, then that should be part of the communication

10  between the two of you.  You see, I'm not --

11          MR. SERBY:  But --

12          THE COURT:  -- asking you -- Don't interrupt

13  me.

14          MR. SERBY:  Yes, Your Honor.

15          THE COURT:  I'm not asking you to give him

16  duplicate copies of things that you've already given

17  him.  That's why I'm instructing the two of you to

18  communicate.

19          You understand?

20          MR. SERBY:  Yes, Your Honor.

21          THE COURT:  But, you can't just throw up your

22  hands and, you know, not do anything, and press a claim

23  for a client, and just say, "Gee whiz, you know, he's

24  not a doctor, she's not a doctor, he doesn't know, she

25  doesn't know.  I can't help it if the doctor doesn't

1   respond." Perhaps those things are true, but you can't

2   expect to pursue a claim in --

3            MR. SERBY:  Okay.

4            THE COURT:  -- that context.  The defendant

5   is entitled to this information.

6            MR. SERBY:  That is correct, Your Honor, but

7   we basically -- you know, by way of example, he asked:

8            "Identify and list each injury you claim to

9            have sustained as a result of the instance

10           alleged in the complaint."

11           So lumbar spine, bulging disk at 03/04 which

12  deforms the interior margin of the fecal sac," and it

13  goes on and on and on, you know, listing the injuries.

14  These have gone --

15           THE COURT:  Perhaps that's an example of one

16  that you need not supplement a response to.

17           MR. SERBY:  I maintain they're all like this.

18           THE COURT:  I don't know whether they are or

19  not.

20           MR. SERBY:  Okay.

21           THE COURT:  And I'm -- You know, you've got a

22  stack of records.  Certain have been responded to,

23  certain have not.  I can see with my own eyes, as you

24  can, that there's a stack of letters addressed to

25  providers, that have come back to defendants' counsel.

1    You and defendants' counsel have an obligation to meet

2    and confer and sort this out.

3              MR. SERBY:  Okay.  Okay.

4              THE COURT:  If you don't -- If the plaintiffs

5    don't respond with information that they're obligated

6    to provide, their cases are in jeopardy of dismissal.

7              MR. SERBY:  Well, I can cart all of this over

8    to his office right after this, and basically go

9    through it paper by paper.

10             THE COURT:  I think that might be a good

11   idea.

12             MR. SERBY:  Is that okay?

13             MR. MILLS:  Your Honor, I'm scheduled to

14   start trial tomorrow on another case.  I don't have

15   time to do that today.

16             THE COURT:  All right.  What I -- You know, I

17   don't really want to get involved in the minutia of

18   when the two of you should meet and when you should

19   have phone conversations.  What I do know is that I

20   should not be involved in going through this, page by

21   page.  It's your responsibility.

22             Is that clear?

23             MR. SERBY:  It's clear, Your Honor, but my

24   opinion with -- not with respect to the consortium

25   claims, but with respect to the main claims, we've

1    given them all the medical records --

2             THE COURT:  Go through it and have a

3    discussion with counsel about that.

4             MR. SERBY:  And then if there --

5             THE COURT:  Perhaps he'll agree with you in

6    some respects, perhaps he'll disagree with you in other

7    respects.  You'll have to sort it out.

8             MR. SERBY:  But --

9             THE COURT:  I can't sort it out as I sit

10   here.

11             MR. SERBY:  I understand you, but just as --

12             THE COURT:  We've been here for two hours

13   sorting through minutia that should have been sorted

14   through almost a year ago.

15             MR. SERBY:  Just as a correction, Your Honor,

16   with respect to -- The Court, I do believe, stated that

17   he -- originally that he claimed that we were

18   nonresponsive to his discovery requests.  We answered

19   them and/or made timely objections to them and --

20             THE COURT:  I heard you say that and I

21   intended to correct myself by saying that this -- his

22   argument is that your responses are inadequate.

23             MR. SERBY:  Okay.

24             THE COURT:  All right.

25             MR. SERBY:  So we'll get together --

1          THE COURT:  I'm now left to set a schedule, I

2     believe.

3          Have we been through all of the discovery

4     requests?

5          MR. MILLS:  Your Honor, I -- we've taken up

6     so much of the Court's time this morning, my suggestion

7     would be that I confer with Mr. Serby and I'll outline

8     in writing, so there's no dispute, which ones I'm

9     missing, which ones have not been answered.  I have no

10    problem doing that, and then if we could just have a

11    time line as to when he -- you know, when I should

12    expect compliance, I think we can take it from there,

13    with all due respect.

14         THE COURT:  All right.

15         Is there any reason that can't be done, Mr.

16    Serby?

17         MR. SERBY:  No, there's no reason why that

18    cannot be done, but at some point I'd like to bring my

19    box of discovery over to his office and show him what

20    we have.  That's basically what --

21         THE COURT:  I expect you to do that.

22         MR. SERBY:  Okay.

23         THE COURT:  When you produce discovery it

24    must be done in a orderly, organized fashion so that he

25    knows exactly what he's got and exactly what he doesn't

1    have, who's responded, who hasn't responded, how

2    they've responded, what responses are left to be

3    updated.

4           If the two of you -- Under normal

5    circumstances when discovery is complied with in a

6    timely fashion and counsel are communicating properly,

7    all of this detail gets sorted through, and perhaps

8    there's one remaining legal issue that you must call

9    upon the Court to decide for you.  That's the way

10   discovery is supposed to be handled.

11          MR. SERBY:  I thought we complied in --

12          THE COURT:  Well, you didn't.

13          MR. SERBY:  Okay.

14          THE COURT:  You haven't.  You have not

15   attended to your responsibilities to this court and you

16   have not attended to your obligations to this multitude

17   of clients you have out here in this courtroom, and I

18   do not expect it to continue.

19          MR. SERBY:  And I will cooperate fully with

20   opposing counsel, Your Honor.

21          THE COURT:  All right.  I'm left to set a

22   schedule.  It appears to me that it's quite correct

23   that discovery is just getting off the ground.

24          What remains to be done?

25          MR. MILLS:  There have been no depositions,

1    Your Honor, of any kind.  I am going to have to depose

2    all of the passengers in the vehicle, unless I receive

3    the list of discovery compliance for loss of consortium

4    plaintiffs.  I'll see if I need to depose them as well,

5    but at least twelve individuals with Korean

6    interpreters.  I assume it will be a long process, so

7    I'd ask the Court's indulgence on setting the schedule

8    for --

9         THE COURT:  I think I should set a date by

10   which counsel are to meet to review the discovery in

11   this case.

12        Anybody want to suggest a date?  How much

13   time do you need to meet and confer to straighten out

14   all of these problems?

15        MR. SERBY:  He's on trial, he said, so --

16        MR. MILLS:  Your Honor, I'm scheduled to

17   start a case in complex litigation tomorrow in

18   Waterbury, that's expected to take three weeks.

19        THE COURT:  All right.

20        MR. MILLS:  It's now October 7th.

21        Could we have as long as November 15th?

22        THE COURT:  Yes.

23        All right.  What discovery remains for the

24   plaintiffs?

25        MR. SERBY:  Your Honor, we've asked them

1    repeatedly to -- for copies of the driver's licenses,

2    at the time of the accident, of the -- of both

3    defendants, and they've given us an authorization to go

4    hunt it down to -- through Department of Motor

5    Vehicles, and that would be a simple thing where

6    someone pulls it out of their wallet, and we still

7    haven't gotten that.

8         We've --

9         THE COURT:  Mr. Serby, if I haven't made this

10   point up to now, perhaps I should be more explicit

11   about it.  This isn't a court where you can just wing

12   it.  This is a court where things are written, all

13   right?

14        So if you have -- and we expect you and

15   opposing counsel to try to work out your discovery

16   differences, and keep to a minimum the times you call

17   upon the Court to be involved in those discovery

18   disputes.  You don't have a motion to compel or

19   anything of that nature that's before me today.

20        MR. SERBY:  That is correct.

21        THE COURT:  If you have some discovery

22   request that you've made of opposing counsel and he

23   hasn't complied with it, you well know, and I think he

24   well knows, that he has an obligation to comply with

25   it.  Talk to him before you talk to me, and don't just

# EXHIBIT 3

# MURPHY AND KARPIE, LLC

### ATTORNEYS AT LAW

KEVIN R. MURPHY
KAREN L. KARPIE
JOHN W. MILLS*
MICHAEL O. CONNELLY
JEAN MARIE HAMER

*ALSO ADMITTED IN NEW YORK

350 FAIRFIELD AVENUE
SUITE 408
BRIDGEPORT, CONNECTICUT 06604
TELEPHONE (203) 333-0177
FAX (203) 333-8475

October 27, 2003

Via Certified Mail, Return Receipt Requested

Victor M. Serby, Esq.
Empire State Building
350 Fifth Avenue, Suite 6305
New York, NY 10118

     **Re:**   **Chung, et al v. Cerrone**

Dear Attorney Serby:

I recently concluded my trial, and I am available to meet with you at my office in order to discuss the outstanding discovery issues. In the interim, I am enclosing a copy of a letter received from one of your client's chiropractors, indicating that the authorization you subsequently provided did not have a proper signature. Please provide me with 4 alternative dates when you can be available to meet at my office in November or early December. As you know, the court has ordered you to produce copies of the all the MRI films. Perhaps you can bring those with you at the time of our meeting. I will wait to hear from you.

Thank you.

Very truly yours,

John W. Mills

JWM:lmf
enclosure

**Dr. Jin W. Sung**
Chiropractor
34-15 Parsons Blvd. Suite P-2, Flushing, N.Y. 11354 – (718) 661-2442

October 25, 2003

Murphy and Karpie, LLC
350 Fairfield Ave, Suite 408
Bridgeport CT 06604

Re: Yeo, Gun Hee-DOB: 11/10/78
    Kim, Soon Duk-DOB: 4/12/1962
D/A: May 18, 2000

Dear Mr. John W. Mills

    I have received your authorization for release of medical records for the above
mentioned patients. However, the patients' signature on the authorization does not match
the signatures in our medical files. Please check your files for any discrepancies.
I thank you for your patience on this matter. If you have any questions please feel free to
call me at 718-661-2442.

Sincerely,

Dr. Jin W. Sung
CHIROPRACTOR

# EXHIBIT 4

VICTOR M. SE...
*Counselor A...*
350 Fifth Av...
Suite 630...
New York, New Yo...

**U.S. Postal Service**™
**CERTIFIED MAIL™ RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | 1.75 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To *Murphy and Karpie, LLC*
Street, Apt. No.; or PO Box No. *350 Fairfield Ave, Ste #4*
City, State, ZIP+4 *Bridgeport, CT 06604*

PS Form 3800, June 2002            See Reverse for Instruc...

CERTIFIED R.R.R. #: 7...

Murphy and Karpie, LLC
350 Fairfield Avenue, S...
Bridgeport, Connecticut...

Attn: John W. Mills, Es...

**SENDER: COMPLETE THIS SECT...**

- Complete items 1, 2, and 3. Also...
  item 4 if Restricted Delivery is de...
- Print your name and address on...
  so that we can return the card to...
- Attach this card to the back of the...
  or on the front if space permits.

1. Article Addressed to:

*Murphy and Karpie, LLC.*
*350 Fairfield Ave*
*Suite #408*
*Bridgeport, CT 06604*

3. Service Type
  ☒ Certified Mail    ☐ Express Mail
  ☐ Registered        ☐ Return Receipt for Merchan...
  ☐ Insured Mail      ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

2. Article Number (Copy from service label)

7003 0500 0000 3354 5692

PS Form 3811, July 1999          Domestic Return Receipt          102595-99-M-17...

Dear Mr. Mills:

Enclosed herewith please find documents as following:

1.    SUPPLEMENT EXCHANGE OF AUTHORIZATIONS,
2.    RESPONSES TO DEFENDANTS' DEMAND FOR PRODUCTION, and
3.    RESPONSES TO DEFENDANTS' INTERROGATORIES - LOSS OF CONSORTIUM
      CLAIMS FOR FOLLOWING PLAINTIFFS
      A.    DUK SOO KWON
      B.    SAM YONG CHOI
      C.    HEE KEE NOH
      D.    PYONG HEE KIM
      E.    MIN HYUN KIM
      F.    YUN SANG KIM
      G.    SU YOUNG LEE
      H.    BYUNG O. CHUNG
      I.    CE CHOONG YI
      J.    CHANG SOOK KIM
      K.    DAE SHIK KIM

Thank you for your attention in this matter, I am.

Very truly yours,

Victor Serby by yh
VICTOR M. SERBY

DG/yh
Encl.



UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
------------------------------------------------------------------------x
KI SOK CHUNG, BYUNG O. CHUNG, OK HYUN NOH
a/k/a OK HYUN LEE, HEE KEE NOH, SOON DUK KIM
a/k/a SOON DUK PARK, DAE SHIK KIM, MYONG HEE KIM
a/k/a MYUNG HEE KIM, YUN SANG KIM, ONE HO KIM,
CHANG SOOK KIM, HYO SIM LEE, SU YOUNG LEE,
SEONG HEE KIM a/k/a SONG HEE KIM, SAM YONG CHOI,
YOUNG CHOO YU, CE CHOONG YI, SÙNG AEE KIM a/k/a
SUNG AEE YANGKIM, MIN HYUN KIM, MI HWA LIM a/k/a
MI HWA KIM-LIM, PYONG HEE KIM, JING ZI WEN a/k/a
WEN JING ZI, DUK SOO KWON, GUN HEE YEO and
JIN HWA JANG a/k/a JIN MWA JONG,

    302CV812 (AWT)

**SUPPLEMENT
EXCHANGE OF
AUTHORIZATIONS**

                      Plaintiffs,

    -against-

NICHOLAS CERRONE, and TRACY A. CERRONE,

                      Defendants.
------------------------------------------------------------------------x

S I R S:

    PLEASE TAKE NOTICE, that pursuant to the Federal Rules of Civil Practice, plaintiffs,

by their attorney, David Goldstein, Esq. provides the following discovery, which was previously

provided :

**KI SOK CHUNG:**

    Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

    Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

    Kathleen A. Lavorgna, MD PC, P.O. Box 2009, Shelton, CT 06484

    Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

    Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

    Dr. In Hyon Park, 158 Linwood Plaza, Suite 217, Fort Lee, N.J. 07024

    Dr. Carlisle St. Martin, 115-10 Queens Blvd., Forest Hills, N.Y. 11375

Dr. Yoon Suk Yi, Footcare of Flushing, 142-38 37th Avenue, Flushing, N.Y. 11354

Allan M. Richards, M.D., Ph.D., 104-40 Queens Blvd. Suite 1CD, Forest Hills, N.Y. 11375

Allan A. Levin, M.D., 104-40 Queens Blvd. Suite 1CD, Forest Hills, N.Y. 11375

Pharmacy World, 141-02 Northern Blvd., Flushing, New York 11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## OK HYUN NOH

Norwalk Hospital, 34 Maple Street, Norwalk, Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Fariborz Nobandegani, M.D., 95-25 Queens Blvd., Rego Park, N.Y. 11374

Living Hope Medical, c/o Oriental Pain Management Center, 143-07 Sanford Ave., #1A, Flushing, New York 11355

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. In Hyon Park, 158 Linwood Plaza, Suite 217, Fort Lee, N.J. 07024

Dr. Carlisle St. Martin, 115-10 Queens Blvd., Forest Hills, N.Y. 11375

Dr. Yoon Suk Yi, Footcare of Flushing, 142-38 37th Avenue, Flushing, N.Y. 11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

2

**SOON DUK KIM**

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Yong H. Kim, 1245 Madison Avenue, New York, New York 10128

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y.11354

Jong Ho Kim Oriental Herb, 34-02 Parsons Blvd., Flushing, N.Y. 11354 to be provided

GMV Medical Supplies, Inc., 2350 80 th Street, Brooklyn, New York 11214 - to be provided

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

**MYONG HEE KIM**

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Kathleen A. Lavorgna, MD PC, P.O. Box 2009, Shelton, CT 06484

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. Yoon Suk Yi, Footcare of Flushing, 142-38 37th Avenue, Flushing, N.Y. 11354

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

**ONE HO KIM**

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856,  to be provided

3

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354, to be provided

Metropolitan Radiological Imaging, P.C., 37-61 87th Street, Jackson Heights, N.Y. 11372, to be provided

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York, to be provided

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310 - to be provided

## HYO SIM LEE

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. In Hyon Park, 158 Linwood Plaza, Suite 217, Fort Lee, N.J. 07024

Dr. Carlisle St. Martin, 115-10 Queens Blvd., Forest Hills, N.Y. 11375

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y.11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## SEONG HEE KIM:

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Kathleen A. Lavorgna, MD PC, P.O. Box 2009, Shelton, CT 06484

Dr. Sang Y. Lee, Flushing Pain Management, 143-40 38th Avenue #203, Flushing, N.Y 11354

Jong Ho Kim Oriental Herb, 34-02 Parsons Blvd., Flushing, New York 11354

4

Renan Macias, M.D., 94-27 59th Ave, Unit F-6, Rego Park, NY 11373

Seung K. Kim, M.D., 35-20 147th Street, Suite 1D. Flushing, New York 11354

Meadow Mid-Queens Radiology, 163-03 Horace Harding Expressway, Flushing, NY 11365

Little Neck Radiology, Myong Choi, M.D., 97-09 101st Avenue, Ozone Park, N.Y. 11416

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

SWC Pharmacy, 24 Stevens Street, Norwalk, CT 06856

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## YOUNG CHOO YU

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

John H. Kim, O.M.D., L'Ac., 34-02 Parsons Blvd., Flushing, New York 11354

Sung's Chiropractic Center, 34-15 Parsons Blvd., Ste P-2, Flushing, N.Y. 11354-4638

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Metropolitan Radiological Imaging, P.C., 37-61 87th Street, Jackson Heights, N.Y. 11372

Dr. Park's Comprehensive Pain Clinic, 136-75 37th Avenue, Ste 12, Flushing, NY 11354

Dr. Yoon Suk Yi, Footcare of Flushing, 142-28 37th Avenue, Flushing, N.Y. 11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## SUNG AEE KIM

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

5

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y.11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## MI HWA LIM

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Metropolitan Radiological Imaging, P.C., 37-61 87th Street, Jackson Heights, N.Y. 11372

Little Neck Radiology, P.C., 97-09 101st Avenue, Ozone Park, N.Y. 11416

Flushing Pain Management, Dr. Sang Yong Lee, M.D., 143-40 38th Ave. #203, Flushing, N.Y. 11354

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y.11354

Jong Ho Kim Oriental Herb, 34-02 Parsons Blvd., Flushing, N.Y. 11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

## JING ZI WEN:

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Norwalk Radiology Consultants PC, 148 East Avenue, Norwalk CT 06851

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Yong H. Kim, 1245 Madison Avenue, New York, New York 10128

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y.11354

Jong Ho Kim Oriental Herb, 34-02 Parsons Blvd., Flushing, N.Y. 11354

GMV Medical Supplies, Inc., 2350 80th Street, Brooklyn, New York 11214

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

**GUN HEE YEO**:

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Medicus Diagnostics, 136-40 39th Avenue, Flushing, New York 11354

Dr. Carlisle St. Martin, 115-10 Queens Blvd., Forest Hills, N.Y. 11375

Dr. Ki Y. Park, 136-75 37th Avenue, Suite 12, Flushing, New York 11354

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y. 11354

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

**JIN HWA JANG**

Norwalk Hospital, 34 Maple Street, Norwalk. Connecticut 06856

Metropolitan Radiological Imaging, P.C., 58-47 Francis Lewis Blvd., Flushing, N.Y.
11365

Dr. Sung Jin Woo Chiropractic, 34-15 Parsons Blvd., Suite P-2, Flushing, N.Y. 11354

Allstate Insurance Company, 75-20 Astoria Blvd., East Elmhurst, New York 11370
Claim No.:    6622627310

DATED:      New York, New York
            October 3, 2003

                              VICTOR M. SERBY, ESQ.

                              By: _____
                              Victor M. Serby, Esq.[CT-20810]
                              Attorney for Plaintiff
                              350 fifth Avenue, Suite 6305
                              New York, New York  10118
                              (212) 760-0111

TO:    MURPHY and KARPIE, LLC
       Attorneys for Defendant [CT-11706]
       350 Fairfield Avenue
       Bridgeport, CT 06604
       (203) 333-0177

# EXHIBIT 5

**VICTOR M. SERBY, ESQ.**

*Counselor At Law*

350 Fifth Avenue

Suite 6305

New York, New York 10118

—

(212) 760-0111

(212) 760-0458 fax

December 15, 2003

VIA FAX - 203-333-8475 and e-mail
Murphy and Karpie,LLC
350 Fairfield Avenue, Suite 408
Bridgeport, Connecticut 06604
murphykarpie@aol.com

Attn: Attorney John W. Mills

Re: CHUNG et al. v. CERRONE
302 CV 812 (AWT)

Dear Mr. Mills:

As per your letter dated on October 29, 2003, you indicated that you want to set up a meeting in your office to discuss the outstanding discovery including MRI films. My available times are set forth as following.

> December 18, 2003 (11:00 AM)
> December 22, 2003 (11:00 AM)
> December 23, 2003 (11:00 AM)

please let us know which date and time is acceptable. I will bring the plaintiffs' MRIs and other records which we obtained from the doctors.

With regard to your problem getting the medicals of Gun Hee Yeo and Soon Duk Kim from Dr. Jin W. Sung, I have already advised the clients to visit the doctor's office to re-execute the authorization, so you will receive the medicals very soon.

As I notified you before, the plaintiffs misunderstood what was said in court and do not want to drop their causes of action.

Should you have any questions please don't hesitate to contact the undersigned. Thank you for your courtesy and cooperation in this matter.

Very truly yours,

Yohan Choi,

**VICTOR M. SERBY**

VS/yh

TRANSMISSION VERIFICATION REPORT

```
                                        TIME : 12/15/2003 14:56
                                        NAME :
                                        FAX  : 0000000000
                                        TEL  :
```

```
        DATE,TIME              12/15  14:55
        FAX NO./NAME           12033338475
        DURATION               00:00:20
        PAGE(S)                01
        RESULT                 OK
        MODE                   STANDARD
                               ECM
```

# EXHIBIT 6

# MURPHY AND KARPIE. LLC

### ATTORNEYS AT LAW

KEVIN R. MURPHY
KAREN L. KARPIE
JOHN W. MILLS*
MICHAEL O. CONNELLY
JEAN MARIE HAMER

*ALSO ADMITTED IN NEW YORK

350 FAIRFIELD AVENUE
SUITE 408
BRIDGEPORT, CONNECTICUT 06604
TELEPHONE (203) 333-0177
FAX (203) 333-0475

December 22, 2003

*VIA FACSIMILE (212-760-0458) and Regular Mail*

Victor M. Serby, Esq.
Empire State Building
350 Fifth Avenue, Suite 6305
New York, NY 10118

    **Re:**   **Chung, et al v. Cerrone**

Dear Attorney Serby:

Thank you for your letter of December 15, 2003. However, I already have commitments in other cases for the three dates you suggested in December. I am available on any of the following dates for a meeting at my office, as you suggested:

    Wednesday, December 31, 2003
    Wednesday, January 7, 2004
    Friday, January 16, 2004
    Monday, January 19, 2004
    Tuesday, January 20, 2004
    Wednesday, January 21, 2004
    Thursday, January 22, 2004

I am somewhat confused with respect to your reference to some of the plaintiffs' misunderstanding of what was said in court an no longer wanting to drop their causes of action. It is my understanding from what was said on the record that at least two of the claims were dismissed by the court. If those individuals now want to re-present their claim I believe it is incumbent upon you to file some type of motion with the court. I will wait to hear from you with respect to when you can be available for the meeting.

Thank you.

                           Very truly yours,

                           John W. Mills

JWM:lmf

# EXHIBIT 7

BATES

* Police Report                                              (A00001- A00006)
* Rental Car Bill                                            (A00007)
* Settlement pkg cover letter sent to Middlesex Mutual       (A00008 - A00033)
* Medical Specials                                           (A00034 - A00419)
    - CHUNG, KISOK            (A00034 - 056)
    - LEE, OK HYUN            (A00057 - 076)
    - KIM, SOON DUK           (A00077 - 110)
    - KIM, MYUNG HEE          (A00111 - 136)
    - KIM, ONE HO             (A00137 - 147)
    - LEE, HYO SIM            (A00148 - 161)
    - KIM, SEONG HEE          (A00162 - 267)
    - YU, YOUNG CHOO          (A00268 - 297)
    - KIM, SUNG AEE           (A00298 - 321)
    - LIM, MI HWA             (A00322 - 346)
    - WEN, JING ZI            (A00347 - 378)
    - YEO, GUN HEE            (A00379 - 402)
    - JANG, JIN HWA           (A00403 - 419)
    - =========BLANK          (A00420- 422)

* No-Fault files                                             (A00423 - A01660)
    - CHUNG, KISOK            (A00423-605)
    - LEE, OK HYUN            (A00606-693)
    - KIM, SOON DUK           (A00694-783)
    - KIM, MYUNG HEE          (A00784-834)
    - KIM, ONE HO             (A00835 - 896)
    - LEE, HYO SIM            (A00897 - 985)
    - KIM, SEONG HEE          (A00986 - 1264)
    - YU, YOUNG CHOO          (A01265 - 1357)
    - KIM, SUNG AEE           (A01358 - 1423)
    - LIM, MI HWA             (A01424 - 1508)
    - WEN, JING ZI            (A01509 - 1599)
    - YEO, GUN HEE            (A01600 - 1632)
    - JANG, JIN HWA           (A01633 - 1660)

A00000