UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KI SOK CHUNG, ET AL.,         :
    Plaintiffs,               :
    v.                        :    CASE NO. 3:02CV812 (AWT)
NICHOLAS CERRONE, ET AL.,     :
    Defendants.               :

FILED
2004 JUN 10 P 3: 02
U.S. DISTRICT COURT
HARTFORD, CT.

## RULING ON DISCOVERY AND ORDER FOR CONFERENCE

Pending before the court is the defendants' motion to dismiss pursuant to Fed. R. Civ. 37 for failure to comply with discovery. (Doc. #52.)

The motion is DENIED without prejudice. The defendants do not list the specific discovery requests to which the plaintiffs have not responded. See D. Conn. L. Civ. R. 37(a)(3). Rather, the defendants make broad assertions about the plaintiffs' failure to cooperate with their discovery obligations and state that the plaintiffs have not produced, *inter alia*, recent medical records, employment records and tax returns. The defendants do not inform the court with any particularity the discovery requests to which the plaintiffs have not responded; nor do the defendants say which of the many plaintiffs have failed to comply. On this record, the court can neither ascertain which discovery remains outstanding nor determine an appropriate sanction. Accordingly, the defendants' motion is DENIED without prejudice for failure to comply with D. Conn. L. Civ. R. 37. Any new motion shall be accompanied by a

memorandum of law containing a specific verbatim listing of each of the items of discovery sought, see D. Conn. L. Civ. R. 37(a)(3), and shall identify the information that has not been provided.

This is the fifth motion concerning discovery disputes. See docs. ##22, 33, 35, 39 and 52. The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. The meet-and-confer requirement mandates that "[parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention. . . . Movants must detail the efforts to confer and explain why they proved fruitless." Messier v. Southbury Training School, No. 3:94CV1706, 1998 WL 841641, at *3 (D. Conn. Dec. 2, 1998).

A status conference shall be held before the undersigned in the United States District Court of the District of Connecticut at 450 Main Street, Hartford, Connecticut in Room 262, on **Thursday, July 15, 2004 at 11:30 a.m.** The purpose of the status conference is to discuss discovery issues. By **July 12, 2004**, the parties shall submit to chambers a joint letter detailing the status of discovery, including a specific verbatim listing of all outstanding

requests and the status of the responses thereto. Counsel shall come to the conference fully prepared to discuss all outstanding discovery issues, shall bring with them any documents relevant to such a discussion and also shall be prepared to discuss their plans concerning future discovery.

SO ORDERED at Hartford, Connecticut this 10th day of June 2004.

Donna F. Martinez
United States Magistrate Judge