UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KI SOK CHUNG, ET AL.,              :
                                   :
        Plaintiffs,                :
                                   :
        v.                         :          CASE NO. 3:02CV812(AWT)
                                   :
NICHOLAS CERRONE AND               :
TRACY A. CERRONE,                  :
                                   :
        Defendants.                :


NOTICE AND ORDER

In May 2002, twenty-four plaintiffs commenced this personal injury action claiming damages arising from a motor vehicle accident. The plaintiffs are the passengers of the vehicle ("passenger plaintiffs") and their spouses ("loss of consortium plaintiffs"). On July 15, 2004, the court conducted a status conference regarding the outstanding discovery issues in this case. Attorney Victor Serby attended on behalf of the plaintiffs, accompanied by his paralegal, Johann Choi, and Attorney John Mills appeared on behalf of the defendants.

Although the plaintiffs commenced this action more than two years ago, discovery is not finished. Minimal written discovery has been completed; depositions have not begun. As the court made clear in the conference, the plaintiffs have not provided appropriate responses to the defendants' requests. Plaintiffs' counsel stated that he believed that providing the defendants with the content of the plaintiffs' no-fault insurance files was a

sufficient response to discovery requests.  As explained in the conference, this is incorrect.  Plaintiffs' counsel must review the discovery requests with <u>each</u> of his clients and provide to the defendants' counsel one complete cohesive document that responds to the outstanding discovery requests.  The plaintiffs' responses are due by **September 20, 2004.**

It is hereby ORDERED that:

1.    Interrogatory 6 of the defendants' interrogatories dated August 30, 2002 requests "When and from whom did you last receive any medical attention for injuries alleged to have been sustained as a result of the incident alleged in your complaint." Plaintiffs' counsel must provide a response for each of the passenger plaintiffs.

2.    Interrogatory 7 requests "If you claim you are not fully recovered, state precisely from what injuries or conditions you are presently suffering."  Each passenger plaintiff must provide a sworn response.

3.    Interrogatory 8 requests "Are you presently under the care of any other health care provider for the treatment of injuries alleged to have been sustained as a result of the incident alleged in your complaint." In response, each passenger plaintiff shall provide a list of health care providers with whom he or she is presently treating as of the date of the answer.

4.    Each passenger plaintiff shall respond to Interrogatory

11, which requests permanency ratings.

5.    Each passenger plaintiff shall provide a response to Interrogatories 12 and 13, which seek information regarding incurred and reimbursed expenses.

6.    The plaintiffs shall serve their expert reports in response to Interrogatory 19.

7.    The plaintiffs' objections to interrogatories 20 and 21 are overruled.  Each passenger plaintiff shall provide an answer.

8.    Each passenger plaintiff shall respond to Requests for Production 3, 6 and 8.  If no responsive documents exist, then each plaintiff shall make a sworn statement to that effect.

The parties are reminded of their meet and confer obligations under both the federal and local rules of procedure to resolve any differences and present to the court only those issues of discovery that are necessary for the full weight of judicial authority. Conclusory statements in an affidavit asserting that the movant fulfilled the good faith meet-and-confer requirement does not satisfy Rule 37 of the Local Rules of Civil Procedure.  Instead, the meet-and-confer requirement mandates that:

> [Parties must] meet, in person or by telephone, and make a genuine effort to resolve the dispute by determining . . . what the requesting party is actually seeking; what the discovering party is reasonably capable of producing that is responsive to the request; and what specific genuine issues, if any, cannot be resolved without judicial intervention.

Messier v. Southbury Training School, No. 3:94CV1706, 1998 WL

841641, at *3 (D.Conn. Dec. 2, 1998).

SO ORDERED at Hartford, Connecticut this 3rd day of September, 2004.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge